NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re:                              )   BAP Nos.   CC-11-1554-KiRnPa
                                    )              CC-11-1476-KiRnPa
GARY OLYN ARMSTRONG,                )              (Consolidated)
                                    )
            Debtor.                 )   Bk. No.    11-35606-BB
_____)
                                    )   Adv. No.   11-02358-BB
GARY OLYN ARMSTRONG,                )
                                    )
            Appellant,              )
                                    )
v.                                  )   **M E M O R A N D U M**[1]
                                    )
INTERNAL REVENUE SERVICE;           )
MOTION PICTURE INDUSTRY             )
PENSION & HEALTH PLANS;             )
MOTION PICTURE INDUSTRY             )
PENSION & INDIVIDUAL ACCOUNT        )
PLAN; STATE OF CALIFORNIA           )
FRANCHISE TAX BOARD,                )
                                    )
            Appellees.              )
_____)

Submitted Without Oral Argument
on September 20, 2012[2]

Filed - April 8, 2013

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Sheri Bluebond, Bankruptcy Judge, Presiding

_____

Appearances:   Appellant Gary Olyn Armstrong pro se on brief;

_____

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2] In an order entered on July 6, 2012, the Panel determined that this matter was suitable for disposition without oral argument. Fed. R. Bankr. P. 8012; 9th Cir. BAP Rule 8012-1.

Kamala C. Harris, Paul D. Gifford, W. Dean Freeman, and Marla K. Markman on brief for Appellee California Franchise Tax Board; Joseph A. Hokanski and Melvin Yee of Bush Gottlieb et al ALC on brief for Appellee Motion Picture Industry Pension and Health Plans.

Before: KIRSCHER, RENN[3] and PAPPAS, Bankruptcy Judges.

In these consolidated appeals, appellant, chapter 7[4] debtor Gary Olyn Armstrong ("Armstrong"), appeals three orders from the bankruptcy court: (1) the order dismissing his first chapter 7 case for failure to obtain prepetition counseling under § 109(h) ("Bankruptcy Dismissal Order"); (2) the order dismissing his first adversary proceeding ("Adversary Dismissal Order") against the Internal Revenue Service ("IRS"),[5] the California Franchise Tax Board ("FTB"), and the Motion Picture Industry Pension & Health Plans and Motion Picture Industry Pension & Individual Account Plan (collectively "MPIPHP")(all three defendants collectively "Defendants"); and (3) the order denying his motion to reconsider the Adversary Dismissal Order (the "Reconsideration Order").

Because the appeal of the Bankruptcy Dismissal Order is untimely, we DISMISS it for lack of jurisdiction. As for the Adversary Dismissal Order, although the bankruptcy court applied an incorrect standard of law when it dismissed the first adversary

---

[3] Hon. Thomas M. Renn, Bankruptcy Judge for the District of Oregon, sitting by designation.

[4] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

[5] The IRS has not appeared in this appeal.

proceeding, such error was harmless because the record supports the court's decision not to retain jurisdiction over Armstrong's related claims against Defendants, and we therefore AFFIRM. However, as explained more thoroughly below, the appeal of the Adversary Dismissal Order as to MPIPHP is DISMISSED as MOOT. Finally, as for the Reconsideration Order, despite the legal error by the bankruptcy court in dismissing Armstrong's first adversary proceeding, we AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A.    The first bankruptcy case (11-35606)**

Armstrong worked in the motion picture and entertainment industry from 1943 until 1999.  Appearing pro se, Armstrong filed a skeletal chapter 7 bankruptcy case on June 14, 2011.  All required documents not filed with the petition, including the Certificate of Credit Counseling, were due by June 28, 2011.

Along with his skeletal petition, Armstrong filed a motion seeking an exemption from prepetition credit counseling due to exigent circumstances.  In short, Armstrong contended that he should be exempt from credit counseling because he did not use credit and because he had only two alleged creditors - the IRS and FTB.  Armstrong also indicated that he could not afford credit counseling due to his subsistent social security income, which did not even cover his monthly rent.  No notice of hearing was filed.

On June 27, 2011, the bankruptcy court issued an order to show cause ("OSC") as to why Armstrong's chapter 7 case should not be dismissed for failure to file a Certificate of Credit Counseling.  According to the OSC, Armstrong had not presented sufficient evidence to demonstrate that he was entitled to a

-3-

temporary waiver of, or exemption from, the prepetition credit counseling requirement under § 109(h). A hearing was set for July 20, 2011, and any responses to the OSC were due by July 6.

On July 5, 2011, Armstrong filed a response to the OSC, contending that he did not consent to the bankruptcy court's jurisdiction to resolve any material disputed facts, and requesting that the court review his previously-filed motion seeking an exemption from prepetition credit counseling, which he thought would be automatically set for hearing or forwarded to the bankruptcy judge for review.

On July 6, 2011, the clerk issued a Final Notice instructing Armstrong to file his Certificate of Credit Counseling by no later than July 20, 2011, or his case would be dismissed.

On July 18, 2011, Armstrong filed a Certificate of Credit Counseling, which stated that he completed the required course via the Internet on July 17, 2011.

The OSC hearing went forward on July 20, 2011. According to the Bankruptcy Dismissal Order entered on July 28, 2011, the bankruptcy court dismissed Armstrong's chapter 7 case "for the reasons set forth on the record." Armstrong did not provide a copy of the transcript in the record, and it is not available on the electronic docket. However, we do have a copy of the court's tentative ruling issued on July 20:

> Congress has drafted the bankruptcy code in such a way as to require that an individual complete a credit counseling course in order to be eligible to file bankruptcy. There are a handful of exceptions to this rule, none of which appear to be applicable here. Dismiss case, as debtor failed to complete prepetition credit counseling course and is therefore ineligible to be a debtor in this bankruptcy case.

-4-

Tentative Ruling (July 20, 2011).

Armstrong filed a notice of appeal on September 1, 2011 ("First Notice of Appeal"), forty-five days after entry of the Bankruptcy Dismissal Order. The First Notice of Appeal states that Armstrong was appealing the "dismissal of adversary proceeding after entry of default as to all defendants" and names the Defendants, yet attached to the notice was only a copy of the Bankruptcy Dismissal Order. Armstrong withdrew his First Notice of Appeal on September 12, 2011.

**B.    The first adversary proceeding (11-2358) and Reconsideration Order**

One day after filing his first bankruptcy case, on June 15, 2011, Armstrong filed an adversary complaint against the IRS,[6] FTB, and the MPIPHP alleging numerous claims: (1) breach of contract; (2) theft; (3) fraud; (4) menace; (5) perjury of office; (6) failure to adhere to rules, regulations and procedures in the ascertainment, assessment and collection of taxes; (7) violation of 18 U.S.C. § 24; (8) violation of 18 U.S.C. § 242; and (9) violation of 5 U.S.C. § 706. Armstrong sought declaratory relief that he did not owe taxes for the 1991 through 2011 tax years, and requested that any notices, liens or levies against him be declared void.[7]

In short, Armstrong alleged that the IRS and FTB improperly

---

[6] Armstrong also sued several employees of the IRS. We refer to all of these parties and the IRS collectively as the IRS.

[7] Armstrong also referenced the Social Security Administration in his complaint, but he never named that agency as a defendant or served it with the summons and complaint.

-5-

assessed and collected taxes he did not owe, which violated his due process rights. Armstrong alleged that the IRS was a private corporation and "resident" of Puerto Rico. Armstrong further alleged that the MPIPHP had been improperly garnishing his pension benefits since February 2006. In his attached "Proposed Judgments," Armstrong sought approximately $20 million in damages, payable in gold or silver coins within thirty days of entry of judgment. Per the summons issued on June 16, 2011, Defendants had to respond to Armstrong's complaint by July 18, 2011.

The complaint and summons were sent to Defendants on June 21, 2011. For the MPIPHP, the complaint and summons were mailed to "Pension Department, Motion Picture Industry Pension and Health Plans 11365 Ventura Blvd. #300 Studio City, California 91604." For the IRS, the complaint and summons were mailed to "Internal Revenue Service 7 Tabonuco Street Guaynabo, Puerto Rico 00968." For the FTB, the summons and complaint were mailed to "State of California Franchise Tax Board 9646 Butterfield Way Sacramento, California 95827." When none of the Defendants responded by July 18, 2011, on July 19 Armstrong requested and received from the clerk entries of default against Defendants under Rule 7055(a).

Armstrong moved for default judgment against the Defendants on August 8, 2011. In his attached declaration, Armstrong stated that all parties were properly served, that they had failed to timely respond, and that he had obtained a default against each of them. Armstrong contended he was entitled to approximately $14 million in damages.

On August 18, 2011, counsel for MPIPHP, only recently

-6-

becoming aware of Armstrong's suit, attempted to contact Armstrong to inform him that his complaint and summons were not properly served, and to ask him to set aside the default so the matter could be adjudicated on the merits. Despite attempts to reach Armstrong by phone, messenger and FedEx, counsel received no response from Armstrong.

On August 22, 2011, MPIPHP filed a unilateral status report stating that it would file a motion to set aside the default for defective service, lack of subject matter jurisdiction, and because Armstrong's chapter 7 case had been dismissed on July 28, 2011. MPIPHP further intended to file a motion to dismiss the adversary proceeding under Civil Rule 12(b)(6).

The bankruptcy court held a status conference on August 23, 2011. According to the court's tentative ruling, it was prepared to dismiss the adversary proceeding:

> It appears that defaults were entered in error, as the docket does not reflect evidence that defendants were served with copies of the summons and complaint. Underlying bankruptcy case was dismissed on July 28, 2011, based on debtor's failure to obtain prepetition credit counseling. In light of the nature of this complaint, dismissal of the underlying bankruptcy case deprives this court of jurisdiction to adjudicate the relevant claims. Enter order dismissing adversary proceeding.

Tentative Ruling (Aug. 23, 2011). We have no transcript from the August 23 hearing in the record, but it is available on the bankruptcy court's electronic docket.[8] Armstrong, the MPIPHP and the FTB appeared. The bankruptcy court explained that its

---

[8] The Panel can take judicial notice of documents filed with the bankruptcy court through the electronic docketing system. O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989).

-7-

jurisdiction was limited and, because Armstrong's chapter 7 case had been dismissed, it no longer had jurisdiction to adjudicate the suit. The court then dismissed the adversary proceeding for lack of jurisdiction, but told Armstrong that he could file a second bankruptcy case and a second adversary complaint:

> So the Court will prepare -- an order dismissing action for lack of subject matter jurisdiction.
>
> If you bring a new bankruptcy, file a new bankruptcy and that one sticks, you could file a new lawsuit. But in this bankruptcy, this lawsuit has to go away because I don't have a bankruptcy anymore. I don't have any more jurisdiction.
>
> There are certain things that I keep after cases have been dismissed. This isn't one of them.

Hr'g Tr. (Aug. 23, 2011) 5:13-21. The bankruptcy court entered the Adversary Dismissal Order on September 2, 2011.

Meanwhile, on September 1, 2011, Armstrong had filed his First Notice of Appeal after the court's oral ruling, which mentioned the Adversary Dismissal Order but included only a copy of the Bankruptcy Dismissal Order. Under Rule 8002(b), the premature First Notice of Appeal appealing the Adversary Dismissal Order was cured when that order was entered on September 2. However, Armstrong withdrew the First Notice of Appeal.

Deciding to pursue an alternative course, Armstrong filed a timely motion to reconsider the Adversary Dismissal Order on September 14, 2011. Armstrong argued that when the bankruptcy court dismissed his chapter 7 case and the adversary proceeding, it violated the U.S. and California constitutions, the Judiciary Act of 1789, sections of Title 18 and various Judicial Cannons. Armstrong also challenged the constitutionality of § 109(h).

The bankruptcy court entered the Reconsideration Order

-8-

denying Armstrong's motion on September 30, 2011. Although Armstrong's reconsideration motion attempted to challenge the Bankruptcy Dismissal Order and the Adversary Dismissal Order, the Reconsideration Order addressed only the Adversary Dismissal Order. The court denied reconsideration for Armstrong's failure to assert grounds to grant it. Armstrong appealed the Adversary Dismissal Order and the Reconsideration Order on October 11, 2011 ("Second Notice of Appeal"). Although the notice appears to also appeal the Bankruptcy Dismissal Order by reference, it sought appeal only for the order entered on "September 30, 2011" - the date of the Reconsideration Order. To further complicate matters, only a copy of the Reconsideration Order was attached.

**C.   The second bankruptcy case (11-46301) and second adversary proceeding (11-2693)[9]**

On August 25, 2011, prior to filing his Second Notice of Appeal and after entry of the Bankruptcy Dismissal Order, Armstrong filed a second chapter 7 case. This filing included a copy of the Certificate of Credit Counseling Armstrong had filed

---

[9] MPIPHP has filed a request asking the Panel to take judicial notice of Armstrong's second bankruptcy case and second adversary proceeding. Items not before the bankruptcy court generally will not be considered unless they pertain to mootness that arose after the order on appeal. See Graves v. Myrvang (In re Myrvang), 232 F.3d 1116, 1119 (9th Cir. 2000); Kirshner v. Uniden Corp. of Am., 842 F.2d 1074, 1077 (9th Cir. 1988). Because these subsequent events have rendered at least some of the appeals at issue moot, we exercise our discretion to consider them. Accordingly, MPIPHP's request is GRANTED to the extent that the Panel will take notice of the fact of the filings and documents contained in the second bankruptcy case and second adversary proceeding. However, no extrajudicial facts mentioned in those documents shall be deemed conclusively established as a result of granting this request. See Wetherbee v. Willow Lane, Inc. (In re Bestway Prods., Inc.), 151 B.R. 530, 540-41 n.3 (Bankr. E.D. Cal. 1993); cf. Lee v. City of L.A., 250 F.3d 668, 690 (9th Cir. 2001).

-9-

in his first case on July 18, 2011. Also, prior to filing his Second Notice of Appeal but after the first adversary proceeding had been dismissed (although the Adversary Dismissal Order had not yet been entered), Armstrong filed a second adversary complaint asserting the same claims against the same Defendants. FTB was the only party to file an answer. No party filed a motion for summary judgment.

On October 25, 2011, MPIPHP moved to be dismissed from the second adversary proceeding under Civil Rule 12(b)(6). According to MPIPHP, in January 2006 it received a Notice of Levy on Wages, Salary, and Other Income directing it to turn over Armstrong's entire pension benefit to the IRS. MPIPHP has complied with the IRS levy since that time, repeatedly notifying Armstrong that it was required under federal law to honor the levy and suggesting to Armstrong that he resolve the matter with the IRS. MPIPHP contended that 26 U.S.C. § 6332(e) provides broad immunity from liability to third parties acting in accordance with an IRS levy. Therefore, Armstrong had no cognizable claim against MPIPHP or its employees for honoring the levy and turning over Armstrong's pension benefits to the IRS. After a hearing on December 13, 2011, the bankruptcy court entered an order granting MPIPHP's motion to dismiss, with prejudice, on December 15, 2011.

Meanwhile, on November 17, 2011, the IRS filed its own motion to dismiss the second adversary proceeding under Civil Rule 12(b)(1), (2), (5) and (6) contending: (1) lack of personal and subject matter jurisdiction due to Armstrong's failure to serve the complaint and summons in accordance with Rule 7004 and Civil Rule 4(i); (2) injunctive relief from the collection of

-10-

taxes was barred by the Anti-Injunction Act; and (3) Armstrong failed to allege any facts to show he was entitled to relief. However, before any order could be entered on the IRS's motion to dismiss, Armstrong filed a voluntary notice of dismissal of the second bankruptcy case and the second adversary proceeding on November 22, 2011.[10]  The FTB, the only defendant to file an answer, filed a stipulation giving consent to the dismissal on December 19, 2011.

After a hearing on December 13, 2011, on December 22, 2011, the bankruptcy court entered an order dismissing the second adversary proceeding, with prejudice, as to the remaining defendants - the IRS and FTB.  An order dismissing the second bankruptcy case was entered on that same date.  These orders were not appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A), (c)(1).  We address herein our jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1.    Is the appeal of the Bankruptcy Dismissal Order untimely?

2.    Did the bankruptcy court err in dismissing the first adversary proceeding for lack of subject matter jurisdiction?

3.    Did the bankruptcy court abuse its discretion in not granting Armstrong's motion to reconsider the Adversary Dismissal Order?

---

[10] For reasons unknown, Armstrong's dismissal notice did not get docketed in the second adversary proceeding until December 21, 2011.  This notice was never filed in the second bankruptcy case.

-11-

## IV. STANDARDS OF REVIEW

The timeliness of a notice of appeal is a question of law we review de novo. <u>Saunders v. Band Plus Mortg. Corp. (In re Saunders)</u>, 31 F.3d 767 (9th Cir. 1994)(per curiam). Mootness is also a question of law reviewed de novo. <u>S. Ore. Barter Fair v. Jackson Cnty. Ore.</u>, 372 F.3d 1128, 1133 (9th Cir. 2004)(citing <u>Ore. Advocacy Ctr. v. Mink</u>, 322 F.3d 1101, 1116 (9th Cir. 2003)). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." <u>Feldman v. Bomar</u>, 518 F.3d 637, 642 (9th Cir. 2008)(citation omitted).

We review de novo a dismissal of a complaint for lack of subject matter jurisdiction under Civil Rule 12(b)(1). <u>Davis v. Courington (In re Davis)</u>, 177 B.R. 907, 910 (9th Cir. BAP 1995).

A bankruptcy court's decision to decline to exercise jurisdiction over related proceedings following dismissal of the underlying bankruptcy case is reviewed for an abuse of discretion. <u>Id.</u> Likewise, denial of a motion for reconsideration is reviewed for an abuse of discretion. <u>Ta Chong Bank Ltd. v. Hitachi High Techs. Am., Inc.</u>, 610 F.3d 1063, 1066 (9th Cir. 2010). A bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings were illogical, implausible, or without support in the record. <u>TrafficSchool.com, Inc. v. Edriver Inc.</u>, 653 F.3d 820, 832 (9th Cir. 2011).

We may affirm a dismissal on "any basis fairly supported by the record." <u>Corrie v. Caterpillar, Inc.</u>, 503 F.3d 974, 979 (9th Cir. 2007).

**V. DISCUSSION**

Armstrong raises forty-seven issues on appeal (with reservation to raise five more at a later date), nearly all of which go to the merits of his claims against the Defendants. None of those issues are properly before us. What we must decide is whether the record supports the bankruptcy court's decision with respect to each of the three orders on appeal. We address each order in turn.

**A.    The appeal of the Bankruptcy Dismissal Order is untimely.**

The FTB and MPIPHP contend that Armstrong's appeal of the Bankruptcy Dismissal Order is untimely and that we lack jurisdiction over the matter. We agree.

Under Rule 8002(a), a notice of appeal must be filed within 14 days of the entry of the order being appealed. The provisions of Rule 8002 are jurisdictional, and the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order. <u>Anderson v. Mouradick (In re Mouradick)</u>, 13 F.3d 326, 327 (9th Cir. 1994).

The Bankruptcy Dismissal Order was entered on July 28, 2011. Armstrong did not file his First Notice of Appeal until September 1, 2011 - forty-five days later. More importantly, the First Notice of Appeal made no direct reference to the Bankruptcy Dismissal Order of July 28; it referred only to the Adversary Dismissal Order, which had not yet been entered. Nonetheless, a copy of the Bankruptcy Dismissal Order was attached to the First Notice of Appeal. Even if that somehow "cured" any potential defects in the First Notice of Appeal, the appeal of the Bankruptcy Dismissal Order was still untimely.

-13-

Armstrong's motion to reconsider, filed on September 14, 2011, does not save this untimely appeal either. In his motion, Armstrong challenged both the Adversary Dismissal Order and the Bankruptcy Dismissal Order. In its Reconsideration Order entered on September 30, 2011, the bankruptcy court addressed only the Adversary Dismissal Order. Armstrong's Second Notice of Appeal, filed on October 11, 2011, made reference to the Bankruptcy Dismissal Order, the Adversary Dismissal Order, and the Reconsideration Order, but he attached only a copy of the Reconsideration Order to the notice. At best, Armstrong's attempt to challenge the Bankruptcy Dismissal Order in his motion to reconsider could only be treated as a motion for relief from judgment under Civil Rule 60(b), incorporated by Rule 9024, because it was not filed within 14 days of entry of the Bankruptcy Dismissal Order. See Civil Rule 59(e), incorporated by Rule 9023.

Under Rule 8002(b)(4), a motion under Rule 9024 only tolls the appeal time of the underlying order when it is filed within 14 days after entry of the order. While Armstrong's motion to reconsider tolled the appeal time of the Adversary Dismissal Order because it was filed just twelve days after entry of that order, it did not toll the appeal time of the Bankruptcy Dismissal Order because the motion was filed some 49 days after entry of that order.

Accordingly, because Armstrong's appeal of the Bankruptcy Dismissal Order is untimely, we must DISMISS it for lack of jurisdiction. As a result, we cannot consider any of the arguments Armstrong raises with respect to dismissal of the first bankruptcy case, including the propriety of § 109(h).

-14-

**B.** **The bankruptcy court erred in assuming that it lacked subject matter jurisdiction over the first adversary proceeding due to the dismissal of the first bankruptcy case, but such error was harmless.**

Bankruptcy courts have jurisdiction over all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. 28 U.S.C. § 1334(b). Here, the suit at issue involved a mix of claims based on both federal and state law. However, because none of the claims invoke a substantive right created by federal bankruptcy law, they do not "arise under" Title 11. Eastport Assocs. v. City of L.A. (In re Eastport Assocs.), 935 F.2d 1071, 1076 (9th Cir. 1991). Similarly, because all of these claims could exist outside of bankruptcy, they do not "arise in" Title 11. Id. Therefore, any jurisdiction the bankruptcy court had over Armstrong's claims could only consist of "related to" jurisdiction.

"An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." Great W. Sav. v. Gordon (In re Fietz), 852 F.2d 455, 457 (9th Cir. 1988)(quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)); Linkway Inv. Co. v. Olsen (In re Casamont Investors, Ltd.), 196 B.R. 517, 521 (9th Cir. BAP 1996). Conceivably, the outcome of Armstrong's claims could have altered his rights and liabilities. As a result, the bankruptcy court had related to jurisdiction over the first adversary proceeding.

Based on the bankruptcy court's statements at the status conference on August 23, 2011, and in the Adversary Dismissal

-15-

Order, it concluded that it lacked subject matter jurisdiction over the first adversary proceeding because Armstrong's first bankruptcy case had been dismissed. This was erroneous.

Both the Ninth Circuit and this Panel have held that bankruptcy courts are not automatically divested of jurisdiction over related to claims when the underlying bankruptcy case has been dismissed. Carraher v. Morgan Elecs., Inc. (In re Carraher), 971 F.2d 327, 328 (9th Cir. 1992); In re Casamont Investors, Ltd., 196 B.R. at 525. In that circumstance, the bankruptcy court should consider whether or not it should retain jurisdiction. Id. "The bankruptcy court should consider 'economy, convenience, fairness, and comity' in determining whether to abstain from exercising its jurisdiction." In re Davis, 177 B.R. at 913 (quoting In re Carraher, 971 F.2d at 328). The weighing of these factors is discretionary. In re Casamont Investors, Ltd., 196 B.R. at 522 n.3.

While it is not completely clear from the bankruptcy judge's comments at the hearing, the court apparently concluded that it must dismiss the adversary proceeding because the judge thought erroneously the dismissal of the underlying bankruptcy case deprived it of jurisdiction. It should have considered, but did not, the above factors in making its decision whether to retain jurisdiction over Armstrong's claims in the first adversary proceeding. However, rather than remanding this matter to the bankruptcy court for its analysis, we believe the record fairly supports its decision not to retain jurisdiction over Armstrong's related claims, which we discuss below.

1. Judicial economy. The first adversary proceeding had

-16-

been pending about six weeks when the first bankruptcy case was dismissed. Compare In re Casamont Investors, Ltd., 196 B.R. at 523 (adversary proceeding pending two months at time of dismissal did not favor retention; retention of jurisdiction is improper when the initiation of the dispute is recent), with In re Carraher, 971 F.2d at 327 (adversary proceeding pending six years at time of dismissal weighed in favor of retention). During that time, no action had been taken other than filing the complaint, the entry of defaults on the Defendants (which were likely entered in error due to bad service), a motion for default judgment and a status report. No discovery had occurred, no motions for summary judgment had been filed and no trial had been commenced. Compare In re Casamont Investors, Ltd., 196 B.R. at 520 (no summary judgment motions filed at time of bankruptcy dismissal), with In re Carraher, 971 F.2d at 327 (parties had substantially litigated action before dismissal and court invested its judicial resources). This factor weighs in favor of not retaining jurisdiction over the first adversary proceeding.

2. Convenience. The first adversary proceeding had been pending only six weeks at the time of dismissal of the first bankruptcy case, with little activity. Further, nothing prevented Armstrong from filing another bankruptcy case and another adversary proceeding (which he did) or from filing his complaint in state or district court. The inconvenience of having to re-file a complaint in another court does not warrant retention of jurisdiction. In re Casamont Investors, Ltd., 196 B.R. at 524. This factor disfavors retention.

3. Fairness. Again, because the first adversary proceeding

-17-

had been pending only six weeks, the parties were not prejudiced by dismissal. See In re Carraher, 971 F.3d at 328 (proceeding dragged on for six years); Fid. & Deposit Co. of Md. v. Morris (In re Morris), 950 F.2d 1531, 1534 (11th Cir. 1992)(more than four years); Smith v. Commercial Banking Corp. (In re Smith), 866 F.2d 576, 580 (3d Cir. 1989)(more than four years).  This factor also supports dismissal of the adversary proceeding.

4.  Comity.  To the extent Armstrong challenged the FTB and MPIPHP under state law, comity weighs in favor of dismissal.  As for the IRS, since Armstrong's claims against it are federal in nature, comity is less of an issue.  However, nothing in the record suggests that the bankruptcy court had a specialized knowledge of federal tax law.  Moreover, no bankruptcy issues were alleged in Armstrong's complaint.  Thus, we conclude that this factor either disfavors retention or could be considered neutral.

Overall, the above factors would support a bankruptcy court's decision not to retain jurisdiction over the first adversary proceeding.  Accordingly, it did not abuse its discretion in dismissing it, and we AFFIRM the Adversary Dismissal Order.[11]

However, this appeal presents a different issue when it comes to the MPIPHP.  MPIPHP contends that the appeal of the Adversary Dismissal Order is moot because it was dismissed in the second adversary proceeding.  We agree.  In Armstrong's second adversary

---

[11] Armstrong has had more than one chance, through the motion for reconsideration and this appeal, to articulate a basis for opposing the dismissal.  His argument has relied only on the entry of the defaults, a legally inadequate basis for retaining jurisdiction over the adversary proceeding.  In addition, he had an opportunity in the second adversary proceeding to assert the same claims against the same defendants.

-18-

proceeding, which asserted the exact same claims as the first, MPIPHP was successfully dismissed, with prejudice, under Civil Rule 12(b)(6) based on immunity grounds under 26 U.S.C. § 6332(e). No one has appealed the order granting MPIPHP's motion to dismiss and the time to appeal has long since run.

We have jurisdiction only over actual cases and live controversies. Pilate v. Burrell (In re Burrell), 415 F.3d 994, 998 (9th Cir. 2005). We lack jurisdiction over moot appeals. I.R.S. v. Pattullo (In re Pattullo), 271 F.3d 898, 901 (9th Cir. 2001). If the appeal is moot, we must dismiss it. Id. A case is moot "[i]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party . . . ." Id. We are unable to grant Armstrong any effective form of relief with respect to MPIPHP. Even if we were to reverse the Adversary Dismissal Order, the bankruptcy court has subsequently concluded that Armstrong presented no colorable claim against MPIPHP, and the order dismissing MPIPHP under Civil Rule 12(b)(6) is final. Accordingly, the appeal of the Adversary Dismissal Order as to the MPIPHP is DISMISSED as MOOT.[12]

**C. The bankruptcy court did not abuse its discretion when it denied the motion to reconsider.**

Although the bankruptcy court did not articulate under which rule it was treating Armstrong's motion to reconsider, we conclude that it fell under Civil Rule 59(e), incorporated by Rule 9023,

_____

[12] Alternatively, even if the appeal against MPIPHP were not moot, we would affirm the Adversary Dismissal Order as to it for the same reasons stated above.

-19-

since it was filed within the required 14 days.

A motion under Civil Rule 59(e) should not be granted, absent highly unusual circumstances, unless the court is presented with newly discovered evidence, committed clear error, or if there is an intervening change of controlling law. 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration is not for rehashing the same arguments made the first time or to assert new legal theories or new facts that could have been raised at the initial hearing. In re Greco, 113 B.R. 658, 664 (D. Haw. 1990), aff'd and remanded, Greco v. Troy Corp., 952 F.2d 406 (9th Cir. 1991).

The bankruptcy court determined that Armstrong's motion to reconsider failed to advance any new evidence, or identify any intervening change in the law, or to suggest any clear error by the court in entering the Adversary Dismissal Order. Other than contending that the bankruptcy court failed to provide any findings or conclusions in all three orders, a contention we reject, Armstrong does not set forth any relevant argument as to why the bankruptcy court abused its discretion when it denied his motion to reconsider.

Because the bankruptcy court apparently applied an incorrect standard of law by assuming that it lacked jurisdiction over Armstrong's related claims once his bankruptcy case had been dismissed, one could argue that reconsideration should have been granted due to the court's legal error. However, this issue was never raised by Armstrong in his reconsideration motion, and, since we have determined that the bankruptcy court's error was harmless, we conclude that it did not abuse its discretion in

-20-

denying reconsideration of the Adversary Dismissal Order.

**D.    We are unable to grant Armstrong's other requests for relief.**

In addition to his request to reverse the three orders at issue, Armstrong asks that we order the bankruptcy court to enter judgment against the Defendants as set forth in his motion for default judgment.  Given the record, we lack jurisdiction to grant the relief the debtor requests.

**VI. CONCLUSION**

Based on the foregoing reasons, we DISMISS the appeal of the Bankruptcy Dismissal Order for lack of jurisdiction, we AFFIRM the Adversary Dismissal Order as to the FTB and IRS and DISMISS the appeal thereof as MOOT as to MPIPHP, and we AFFIRM the Reconsideration Order.