IN THE UTAH COURT OF APPEALS

----ooOoo----

Nerim Jelashovic,          )        OPINION
                         )
      Petitioner and Appellant,   )    Case No. 20110136-CA
                         )
v.                      )      F I L E D
                         )    (August 9, 2012)
State of Utah,         )
                         )    2012 UT App 220
      Respondent and Appellee.   )

-----

Third District, Salt Lake Department, 100903903
The Honorable Vernice Trease

Attorneys:    Edward D. Flint and Sean P. Hullinger, Salt Lake City, for Appellant
             Mark L. Shurtleff and Christopher D. Ballard, Salt Lake City, for
             Appellee

-----

Before Judges McHugh, Orme, and Davis.

ORME, Judge:

¶1    Petitioner Nerim Jelashovic appeals the decision rejecting his claim that his trial counsel was constitutionally ineffective when he gave him incorrect advice regarding the deportation risks of his guilty pleas. Specifically, Jelashovic contends that his trial counsel did not provide adequate warnings as mandated by *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). We affirm.

BACKGROUND[1]

¶2     In 2003, Jelashovic was charged with two counts of aggravated sexual assault. Based on the evidence likely to be introduced at trial, defense counsel determined that Jelashovic was at substantial risk of being convicted. Defense counsel also understood that such a conviction would make Jelashovic, who is not a United States citizen, legally deportable. Defense counsel set about to negotiate a plea agreement. Counsel sought probation for Jelashovic, believing it to be a less risky option for a defendant at risk of being deported.

¶3     Defense counsel advised Jelashovic that a guilty plea could make him deportable but that Jelashovic could possibly avoid deportation if he was sentenced to probation and successfully completed the probationary term. As part of the plea agreement, the State agreed to recommend probation at Jelashovic's sentencing hearing. Jelashovic accepted the plea offer and pled guilty to reduced charges of forcible sexual abuse. Jelashovic understood that entering a guilty plea was not a guaranty that he would receive probation and avoid prison. And despite the prosecutor's recommendation that Jelashovic receive probation, the sentencing judge sentenced Jelashovic to two concurrent sentences of one to fifteen years in prison.

¶4     Six years later, Jelashovic filed a petition seeking relief under the Post-Conviction Remedies Act, Utah Code Ann. §§ 78B-9-101 to -405 (2008 & Supp. 2011). Jelashovic alleged that his trial counsel had been ineffective because he did not properly advise Jelashovic of the deportation risks of pleading guilty. The postconviction court heard testimony from Jelashovic, Jelashovic's trial counsel, and the trial prosecutor. Defense counsel explained that he had investigated Jelashovic's options and found the one that he believed offered the best chance of allowing Jelashovic to avoid deportation. The court found defense counsel's testimony—that he warned Jelashovic of the deportation

---

[1]We summarize the findings of fact made by the court in this postconviction proceeding. We accept these facts as true, absent clear error, in making our legal determination as to whether defense counsel adequately warned Jelashovic of the possible deportation consequences. *See State v. Maestas*, 2000 UT App 22, ¶ 10, 997 P.2d 314 ("We defer to those factual findings [made by the trial court], but determine as a matter of law whether the defendant received ineffective assistance of counsel in violation of the Sixth Amendment.") (citation and internal quotation marks omitted).

risks and advised him that pleading to the lesser charges was his least risky option—to be more credible than Jelashovic's testimony that he was wholly uninformed and unaware of the risks. As a result, the court ruled that defense counsel did not give incorrect advice to Jelashovic and, thus, was not ineffective in representing him. Jelashovic appeals.

## ISSUE AND STANDARDS OF REVIEW

¶5     Jelashovic contends that the postconviction court erred when it determined that defense counsel adequately advised him of the deportation risks in choosing whether to accept the plea deal. "On appeal from a ruling on a petition for post-conviction relief, we review the post-conviction court's legal conclusions for correctness and its factual findings for clear error." *Tillman v. State*, 2005 UT 56, ¶ 14, 128 P.3d 1123.

## ANALYSIS

¶6     To review claims of ineffective assistance of counsel, we use the two-prong test from *Strickland v. Washington*, 466 U.S. 668 (1984). First, Jelashovic bears the burden of establishing that counsel's performance fell below an "objective standard of reasonableness." *Id.* at 688. Second, Jelashovic must show prejudice, i.e., that but for the deficient performance, the outcome would have been different. *See id.* at 694. We begin our analysis with "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

¶7     Courts have toiled for many years over what constitutes an "objective standard of reasonableness" in resolving ineffective assistance of counsel claims. In *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), the United States Supreme Court addressed this objective standard in the context of defense counsel's obligation to warn a defendant of any possible deportation consequences of pleading guilty. The Court noted "how critical it is for counsel to inform her noncitizen client that he faces the risk of deportation" and that, therefore, "for purposes of the Sixth Amendment right to effective assistance of counsel[,] . . . counsel must inform her client whether his plea carries a risk of deportation." *Id.* at 1486.

¶8     The State contends that *Padilla* is inapplicable to this case because it was not issued until after the denial of Jelashovic's petition for postconviction relief. We need not resolve this question, however, because regardless of *Padilla*'s applicability to this case, we are satisfied that the postconviction court did not err when it determined that defense counsel gave Jelashovic sufficient warning regarding the possible immigration consequences of his plea.

¶9     *Padilla* requires "that counsel must inform her client whether his plea carries a risk of deportation." *Id.* The postconviction court considered Jelashovic's testimony that he believed that pleading guilty would absolutely protect him from deportation. It also considered defense counsel's testimony that he weighed the options, researched the risk of deportation associated with each, and then advised Jelashovic that a guilty plea to the lesser charges would be the least risky of the options available, albeit not offering a non-deportation guaranty. The postconviction court found defense counsel's testimony more credible because it was more consistent with defense counsel's statements at the sentencing hearing. It also found that Jelashovic lacked credibility because of his inconsistent testimony about the victim's consent and about his conversations with his counsel regarding deportation risks. Accordingly, the postconviction court found that defense counsel informed Jelashovic that if he was convicted at trial, he would assuredly be deported, but that a successful probation after pleading to lesser charges would help Jelashovic maximize his chances of avoiding such a fate.

¶10    Jelashovic does not directly challenge each of these findings, but he argues that defense counsel's inexperience and resulting naivete suggest that he did not properly inform Jelashovic of the possible deportation risks of his plea.[2] The postconviction court was satisfied, however, that defense counsel adequately informed Jelashovic of the risks. The court's factual findings are not clearly erroneous. *See Tillman v. State*, 2005 UT 56, ¶ 14, 128 P.3d 1123. And we note that *Padilla* requires only that the risks be

---

[2]Defense counsel explained to Jelashovic that probation could help him avoid deportation but that, regardless of the State's recommendation, the trial court could still sentence him to prison, which would ensure eventual deportation. Jelashovic was indeed sentenced to prison, making any conjecture about his understanding of the likelihood of being deported *if given probation* largely academic.

expressed—not that they be expressed in any particular detail or by an attorney with any particular expertise. *See Padilla*, 130 S.Ct. at 1486.


## CONCLUSION

¶11    Given the post-conviction court's findings, we hold that defense counsel's performance did not fall below "an objective standard of reasonableness," *see Strickland v. Washington*, 466 U.S. 668, 688 (1984), even if *Padilla* applies, because defense counsel warned Jelashovic of the potential immigration consequences of his plea. The postconviction court's ruling is affirmed.


_____
Gregory K. Orme, Judge


-----


¶12    WE CONCUR:


_____
Carolyn B. McHugh,
Presiding Judge


_____
James Z. Davis, Judge