**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No. WW-14-1119-JuKiF |
| ) | |
| HENRY D. ZEGZULA, ) | Bk. No. 13-47541-BDL |
| ) | |
| Debtor. ) | Adv. No. 14-04005-BDL |
| _____ ) | |
| ) | |
| HENRY D. ZEGZULA, ) | |
| ) | |
| Appellant, ) | |
| ) | M E M O R A N D U M* |
| v. ) | |
| ) | |
| JPMORGAN CHASE BANK, N.A., ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Submitted Without Oral Argument
on September 25, 2015**

Filed – October 2, 2015

Appeal from the United States Bankruptcy Court
for the Western District of Washington

Honorable Brian D. Lynch, Chief Bankruptcy Judge, Presiding

_____

Appearances:     Appellant Henry D. Zegzula on brief pro se;
Philip R. Lempriere and Daniel J. Park of
Keesal, Young & Logan on brief for appellee,
JPMorgan Chase Bank, N.A.

_____

Before:  JURY, KIRSCHER, and FARIS, Bankruptcy Judges.

---

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

** By order entered on August 15, 2014, a motions panel determined that this appeal is suitable for submission on the briefs and record without oral argument pursuant to Rule 8012.

-1-

Chapter 7[1] debtor Henry D. Zegula appeals from the bankruptcy court's order dismissing his adversary proceeding against JPMorgan Chase Bank, N.A. (Chase).  We AFFIRM.

## I.  FACTS[2]

Debtor filed his chapter 7 petition pro se on December 11, 2013.  The chapter 7 trustee (Trustee) moved to dismiss his case under § 707(a) and (b) with a two year bar to refiling.  Trustee noted that debtor failed to file schedules I and J, a summary of schedules, or Form B22A in his case, and argued that dismissal was appropriate for abuse since debtor had repeatedly filed bankruptcy petitions and failed to file schedules or comply with other requirements.  Trustee further asserted that dismissal with prejudice was warranted due to debtor's pattern of willful abuse of the bankruptcy system — debtor had filed seven cases since May 2008 and had not properly prosecuted those cases or otherwise fulfilled his obligations under the Bankruptcy Code.

After Trustee filed her motion to dismiss, but before it was heard, debtor filed pro se this adversary proceeding against Chase seeking to quiet title.  At the same time, he filed a motion for a preliminary injunction to enjoin a foreclosure on his property pursuant to a deed of trust.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure and "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] To the extent necessary, we take judicial notice of the pleadings docketed in the underlying bankruptcy case and the adversary proceeding. Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

The bankruptcy court dismissed the underlying bankruptcy case for abuse on January 30, 2014, and imposed a two year bar to refiling. A few weeks later, debtor's case was closed.

On February 7, 2014, Chase filed a motion to dismiss the adversary proceeding with prejudice on two grounds. First, the underlying bankruptcy case had been dismissed and none of the factors set forth in Carraher v. Morgan Electric, Inc. (In re Carraher), 971 F.2d 327, 328 (9th Cir. 1992) for discretionary retention of jurisdiction over the adversary proceeding weighed in favor of retaining it. Second, the complaint failed to state a claim upon which relief could be granted under Civil Rule 12(b)(6).

On March 12, 2014, the bankruptcy court heard the matter. The court found that considerations of judicial economy and fairness did not support the court's retention of jurisdiction over the adversary proceeding following the dismissal of the underlying bankruptcy case. In addition, the court found that debtor's complaint failed to state a claim for which relief can be granted as the allegations were "legally incomprehensible and there is no theory, no legal theory to support [his] argument regarding quiet title." In the end, the court decided that dismissal without prejudice of the adversary complaint was appropriate.

On March 14, 2014, the bankruptcy court entered the order consistent with its decision. Debtor timely filed a notice of appeal.

## II.  JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C.

-3-

§§ 1334 and 157(c)(1). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

Did the bankruptcy court abuse its discretion in declining to exercise jurisdiction over the adversary proceeding?

Did the bankruptcy court err by dismissing the adversary proceeding under Civil Rule 12(b)(6)?

## IV. STANDARDS OF REVIEW

We review the bankruptcy court's decision to decline to exercise jurisdiction over an adversary proceeding for an abuse of discretion. In re Carraher, 971 F.2d at 328. A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

We review de novo a bankruptcy court's decision to grant a motion to dismiss an adversary proceeding complaint under Civil Rule 12(b)(6). Barnes v. Belice (In re Belice), 461 B.R. 564, 572 (9th Cir. BAP 2011).

We may affirm on any ground supported by the record. Vestar Dev. II, LLC v. Gen. Dynamics Corp., 249 F.3d 958, 960 (9th Cir. 2001).

//

//

//

-4-

# V. DISCUSSION

**A. The bankruptcy court did not abuse its discretion in dismissing the adversary proceeding under the factors set forth in <u>Carraher</u>.**

Dismissal of an underlying bankruptcy case does not automatically divest the bankruptcy court of jurisdiction over a related adversary proceeding seeking recovery on state law theories. <u>In re Carraher</u>, 971 F.2d at 328. In deciding whether to retain jurisdiction, the bankruptcy court must consider economy, convenience, fairness, and comity. <u>Id.</u> "The [bankruptcy] court's weighing of these factors is discretionary." <u>Id.</u> Although the bankruptcy court did not expressly articulate each of these factors on the record, its findings and the record support its decision not to retain jurisdiction over the adversary proceeding.

<u>Judicial Economy</u>: The adversary proceeding had not been pending for very long and Chase had not yet filed an answer. This factor weighs in favor of not retaining jurisdiction. <u>Compare</u> <u>Linkway Inv. Co. v. Olsen (In re Casamont Inv'rs, Ltd.)</u>, 196 B.R. 517, 521 (9th Cir. BAP 1996) (adversary proceeding pending two months at time of dismissal did not favor retention; retention of jurisdiction is improper when the initiation of the dispute is recent), <u>with</u> <u>In re Carraher</u>, 971 F.2d at 327 (adversary proceeding pending six years at time of dismissal weighed in favor of retention).

<u>Convenience</u>: The adversary proceeding was pending only twenty-two days before debtor's case was dismissed. No answer had been filed. Further, the bankruptcy court dismissed the adversary proceeding without prejudice so nothing prevents

-5-

debtor from pursuing his claims in another court.[3] In re Casamont Inv'rs, Ltd., 196 B.R. at 524.

Fairness: As the bankruptcy court correctly found, there are no fairness issues that would support retention of the adversary proceeding, and debtor does not articulate any such issues on appeal.

Comity: Although it is difficult to comprehend, the complaint on its face appears to seek only quiet title relief which would likely arise under Washington law and does not relate to bankruptcy issues. As only state-law claims are alleged, this factor weighs in favor of dismissal. Id. ("Needless decision of state law by federal courts should be avoided as a matter of comity and in order to procure for the litigants 'a surer-footed reading of applicable law.'").

Debtor does not point out any error in the court's decision with respect to any of these factors. Rather, most, if not all, of his arguments relate to the merits of the adversary proceeding and Chase's lack of standing to foreclose upon his property. Those arguments are beyond the scope of this appeal and we do not address them.

In sum, all of the above-mentioned factors weighed in favor of the bankruptcy court declining to retain jurisdiction over the adversary proceeding. Accordingly, we discern no abuse of discretion.

//

---

[3] The bankruptcy court never determined whether the lawsuit could be saved by amendment.

-6-

**B.    The bankruptcy court did not err by dismissing the adversary proceeding complaint without prejudice under Civil Rule 12(b)(6).**

Under Civil Rule 12(b)(6), made applicable in adversary proceedings by Rule 7012, a bankruptcy court may dismiss an adversary complaint if it fails to "state a claim upon which relief can be granted." "In order to survive a motion to dismiss, a party must allege 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Official Comm. of Unsecured Creditors v. Hancock Park Capital II, L.P. (In re Fitness Holdings, Intern., Inc.), 714 F.3d 1141, 1144 (9th Cir. 2013)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); Nordeen v. Bank of Am., N.A. (In re Nordeen), 495 B.R. 468, 477 (9th Cir. BAP 2013). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" In re Fitness Holdings, 714 F.3d at 1144 (quoting Iqbal, 556 U.S. at 678); see also In re Nordeen, 495 B.R. at 477. By definition, a claim cannot be plausible when it lacks any legal basis. Cedano v. Aurora Loan Servs. (In re Cedano), 470 B.R. 522, 528 (9th Cir. BAP 2012). A dismissal under Civil Rule 12(b)(6) may be based on either the lack of a cognizable legal theory, or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1121 (9th Cir. 2008).

Upon our de novo review, we made a diligent attempt to parse debtor's complaint to discern the factual and legal basis for his purported "claims." Debtor's complaint bases his "sole

-7-

cause of action" for "quiet title" on two distinct and specific theories of California law despite the fact that his property is located in Washington, not California.

One theory is entitled "severance, and/or bifurcation" which suggests that the ownership of the deed of trust was split from the note through a sale or assignment or because the loan was securitized. Courts in this Circuit and the Washington Supreme Court have rejected this "split the note" theory. See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1044-45 (9th Cir. 2011); Zhong v. Quality Loan Serv. Corp., 2013 WL 5530583, at *2 (W.D. Wash. Oct. 7, 2013); Blake v. U.S. Bank. Nat'l Ass'n, 2013 WL 6199213, at *3 (W.D. Wash. Nov. 27, 2013); Bain v. Metro. Mortg. Grp., Inc., 175 Wash. 2d 83, 112, 285 P.3d 34, 48 (2012). In short, this claim is legally barred.

The other theory suggests that the terms and provisions of the deed of trust were fully satisfied when the note was sold for the full value. Thus, according to debtor, Chase no longer has a valid lien against his property. Debtor cites no proposition of law supporting this novel legal theory.

Finally, the complaint does not state a plausible claim for quiet title. Under Washington law, to "maintain a quiet title action against a mortgagee, a plaintiff must first pay the outstanding debt on which the subject mortgage is based." Zhong, 2013 WL 5530583, at *6. Debtor never alleges that he paid the debt owed on the note.

Debtor's complaint includes a section entitled "Pro Se Status of Plaintiff." There, debtor emphasizes, among other things, that pro se complaints are held to less stringent

-8-

standards. Generally, federal courts have a duty to construe pro se complaints liberally. See Bernhardt v. L.A. Cty., 339 F.3d 920, 925 (9th Cir. 2003). However, the court has "no obligation to act as counsel or paralegal to pro se litigants." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for pro se litigants").

In sum, debtor's complaint does not contain claims that have any legal basis, nor are there sufficient facts that allow us to draw the reasonable inference that Chase is liable for any alleged wrongdoing. Therefore, we conclude that the bankruptcy court did not err by dismissing debtor's adversary complaint without prejudice based on the standards under Civil Rule 12(b)(6).

To the extent Debtor contends that he was denied due process, that contention is not supported by the record. See SEC v. McCarthy, 322 F.3d 650, 659 (9th Cir. 2003) (due process requires notice and an opportunity to be heard). Debtor received notice of the dismissal motion and the bankruptcy court held a hearing in which debtor participated. Due process was satisfied.

**VI.  CONCLUSION**

Having found no error, we AFFIRM.

-9-