2018 UT App 180

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
JOSEPH MOMOH,
Appellant.

Opinion
No. 20161009-CA
Filed September 20, 2018

Third District Court, Salt Lake Department
The Honorable Mark Kouris
No. 161905069

Herschel Bullen, Attorney for Appellant

Sean D. Reyes and Jonathan S. Bauer, Attorneys
for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGES DAVID N. MORTENSEN and JILL M. POHLMAN concurred.

ORME, Judge:

¶1     Defendant Joseph Momoh appeals the district court's denial of his motion to withdraw his guilty plea. Specifically, Defendant claims ineffective assistance of counsel by reason of counsel's alleged failure to adequately explain the immigration consequences of his guilty plea. Defendant asserts that counsel's ineffective assistance precluded him from entering his plea knowingly and voluntarily. We affirm.

## BACKGROUND[1]

¶2      Defendant is a lawful permanent resident of the United States. In 2016, the State charged Defendant with the purchase, transfer, possession, or use of a firearm by a restricted person,[2] a third degree felony (the Firearm Charge), *see* Utah Code Ann. § 76-10-503(3)(a) (LexisNexis 2017);[3] possession of a controlled substance with intent to distribute, a third degree felony (the Drug Possession Charge), *see id.* § 58-37-8(1)(a)(iii) (Supp. 2017); and possession of drug paraphernalia, a class B misdemeanor, *see id.* § 58-37a-5(1)(b) (2016). With the assistance of counsel (Plea Counsel), Defendant pled guilty to the Firearm Charge. In exchange, the State dismissed the remaining two charges.

¶3      In support of his plea, Defendant signed a statement acknowledging that he understood the rights he was waiving by pleading guilty. The statement included the following section:

> **Immigration/Deportation:** I understand that if I am not a United States citizen, my plea(s) today may, or even will, subject me to deportation under United States Immigration laws and regulations, or otherwise adversely affect my immigration status, which may include permanently barring my re-entry into the United States. I understand that if I have questions about the effect of my plea on my

---

1. Absent clear error, we defer to the factual findings of the district court. *See State v. Tripp*, 2010 UT 9, ¶ 30, 227 P.3d 1251.

2. Defendant had previously been convicted of a felony drug offense in Nebraska.

3. Because the statutory provisions in effect at the relevant time do not differ in any way material to our analysis from those now in effect, we cite the current version of the Utah Code for convenience.

immigration status, I should consult with an immigration attorney.

At the bottom of Defendant's signed statement, Plea Counsel certified that she had discussed Defendant's statement with him and that she believed he fully understood its contents. Although no mention was made of the immigration ramifications of the guilty plea at the subsequent plea hearing, it does appear—and Defendant acknowledges—that the district court complied with rule 11 of the Utah Rules of Criminal Procedure when it accepted his guilty plea.

¶4 Two days after pleading guilty, Defendant says he received a letter from the United States Department of Homeland Security. The letter referenced Defendant's guilty plea in the current case and notified him that Homeland Security had probable cause to remove him from the United States. Defendant immediately wrote to the district court requesting to "recant" his guilty plea. He stated that he had not been advised that pleading guilty to the Firearm Charge would adversely affect his immigration status. Once the district court appointed new counsel for Defendant, he filed a motion to withdraw Defendant's plea, arguing that it "was not knowingly, intelligently and voluntarily entered" and alleging ineffective assistance of counsel.[4]

---

4. In his motion, Defendant wove these two arguments together. He claimed that his plea was not "knowing and voluntary" specifically because he received ineffective assistance from Plea Counsel. The district court recognized the distinct arguments and made several findings on the adequacy of Plea Counsel's performance and the accuracy of her understanding of the immigration consequences of the plea. *See infra* ¶ 7. This, then, is not a case in which the claim of ineffective assistance of counsel is first raised on appeal.

¶5    Defendant and Plea Counsel both testified at the subsequent evidentiary hearing. Plea Counsel testified that she had consulted with an immigration attorney regarding the immigration implications of Defendant pleading guilty to the Firearm Charge. She stated that the immigration attorney had provided her with a "pretty detailed" written analysis of Defendant's case,[5] which analysis she recounted from memory:

> His analysis of that was that [the Drug Possession Charge] was an aggravated felony, [the Firearm Charge] was not an aggravated felony; however [it] was a charge that would render an individual inadmissible, so there were immigration consequences stemming from both charges. One charge had more serious consequences for immigration purposes than the other.

Plea Counsel explained that it was her understanding that an "aggravated felony" charge would result in Defendant's immediate deportation, whereas a charge that rendered the Defendant "inadmissible" meant that he would be unable to adjust his status—apply for citizenship, for example—but not necessarily that he would be deported. Plea Counsel further testified that she had visited Defendant more than once to discuss the immigration implications of pleading guilty to the Firearm Charge. Each time, Plea Counsel brought the immigration attorney's written analysis to help facilitate those discussions. It was Plea Counsel's opinion that she had covered the immigration issue with Defendant in a "complete manner." Specifically, they had discussed that both the Firearm and Drug Possession Charges carried immigration consequences, but that the Drug Possession Charge was likely to

---

5. The actual email correspondence between Plea Counsel and the immigration attorney is not part of the record. Nor is the letter Defendant claims to have received from Homeland Security.

carry more adverse immigration consequences than the Firearm Charge.

¶6    Next, Defendant testified that Plea Counsel had discussed possible immigration consequences with him, but that it was his understanding that a conviction on the Firearm Charge was "unlikely" to result in his deportation. He testified that if he had understood that he was "likely" to be deported as a result of pleading guilty to the charge, he would not have done so.

¶7    At the conclusion of the hearing, the district court concluded that Plea Counsel had not been ineffective in representing Defendant—she had done "her due diligence" in consulting the immigration attorney and had "explained [the immigration ramifications] very, very well." The court further found that Defendant had entered the guilty plea knowingly and voluntarily. Defendant appeals.

ISSUES AND STANDARDS OF REVIEW

¶8    Defendant first argues that the district court erred in concluding that Plea Counsel had not rendered ineffective assistance when she advised him of the possible immigration ramifications of pleading guilty to the Firearm Charge. "When confronted with ineffective assistance of counsel claims, we review a lower court's purely factual findings for clear error, but we review the application of the law to the facts for correctness." *Archuleta v. Galetka*, 2011 UT 73, ¶ 25, 267 P.3d 232 (quotation simplified). *Accord State v. King*, 2017 UT App 43, ¶ 13, 392 P.3d 997.

¶9    Second, as a result of Plea Counsel's alleged ineffective assistance, Defendant contends that his plea was not entered into knowingly and voluntarily. "We review the denial of a motion to withdraw a guilty plea under an abuse of discretion standard, disturbing the findings of fact made in conjunction with that decision only if they are clearly erroneous." *State v. Ruiz*, 2013 UT App 274, ¶ 12, 316 P.3d 984.

ANALYSIS

¶10 Defendant first challenges his guilty plea to the Firearm Charge on a claim of ineffective assistance of counsel. Defendant next challenges the district court's conclusion that he entered the plea knowingly and voluntarily. *See* Utah Code Ann. § 77-13-6(2)(a) (LexisNexis 2017) ("A plea of guilty . . . may be withdrawn only upon leave of the court and a showing that it was not knowingly and voluntarily made."). Because Defendant's second argument—that he did not enter the plea knowingly and voluntarily—appears to be predicated solely on a claim of ineffective assistance of counsel, and Defendant does not challenge the district court's factual findings that supported its conclusion, our determination of Defendant's first claim essentially resolves his second claim. As such, our analysis of the second claim is limited.

I. Ineffective Assistance of Counsel

¶11 A successful ineffective assistance of counsel claim requires a defendant to establish that (1) "counsel's performance was deficient"; and (2) "the deficient performance prejudiced the defense."[6] *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below "an objective standard of reasonableness." *Id.* at 688.

¶12 In arguing that Plea Counsel performed deficiently, Defendant attacks her analysis of the immigration consequences of pleading guilty to either the Firearm Charge or the Drug Possession Charge. He asserts that he "should have been told

---

6. Because we conclude that Plea Counsel's performance was not deficient, we do not reach the second prong of *Strickland*. *See State v. Goode*, 2012 UT App 285, ¶ 7 n.2, 288 P.3d 306 ("Because both prongs of the *Strickland* test must be met to establish ineffective assistance of counsel, we need not always address both prongs.").

straight-up that if he entered a plea of guilty to the [Firearm Charge], he would be deemed 'deportable' and without any possibility for equitable relief." Contending that pleading guilty to either the Firearm or Drug Possession charge would result in his deportation, as evidenced by the letter from Homeland Security he claims to have received, he argues that Plea Counsel should have advised him to reject the plea deal and to take his chances at trial, as slim as they might be.[7] In sum, Defendant argues that Plea Counsel's inexperience in the field of immigration law prevented her from properly informing him of the possible adverse immigration consequences of pleading guilty to the Firearm Charge.

¶13   Conversely, the State argues that Plea Counsel was required to notify Defendant only that pleading guilty to the Firearm Charge carried the risk of negative immigration consequences. In any event, the State argues that the district court noted that Plea Counsel consulted an immigration attorney and that her analysis was sound.[8] As explained by the State, "the firearm felony was preferable to the drug felony from an immigration standpoint. A conviction on either felony count would have made [Defendant] deportable. However, it is at least arguable that the firearm felony is not an 'aggravated felony'

---

7. "Slim" might be an overstatement. Officers responding to a report of shots fired at Liberty Park arrived on the scene, saw Defendant running, pursued him, and caught up with him just after seeing him drop a bag and a jacket. In the bag, they found a handgun, ammunition, and a spent casing. They also found a variety of illegal drugs and paraphernalia.

8. Although both Defendant and the State discuss the correctness of Plea Counsel's immigration analysis on appeal, Defendant did not raise such an argument at the change-of-plea hearing, instead stating, "I'm not necessarily asserting that [Plea Counsel] made an error."

that would preclude discretionary relief from removal under 8 U.S.C. section 1229b."

¶14 With regard to the first prong of *Strickland*, we analyze Plea Counsel's performance cognizant of the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. When advising defendants of the possible negative immigration consequences of pleading guilty, the United States Supreme Court specified the requisite "objective standard of reasonableness" in *Padilla v. Kentucky*, 559 U.S. 356 (2010), as follows:

> When the law is not succinct and straightforward . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear . . . the duty to give correct advice is equally clear.

*Id.* at 369 (footnote omitted). And as explained by Justice Alito in his concurring opinion, the determination of what constitutes an "aggravated felony" in the immigration context is a highly complex matter.[9] *See id.* at 377–79 (Alito, J., concurring) ("As has been widely acknowledged, determining whether a particular crime is an 'aggravated felony' . . . is not an easy task.").

¶15 Consequently, Defendant's argument fails for two reasons. First, because the determination of whether the Firearm Charge constitutes an "aggravated felony" for immigration purposes is neither "succinct" nor "straightforward," Plea

---

9. Plea Counsel's recommendation to accept the plea deal was based on the immigration attorney's analysis "that [the Drug Possession Charge] was an aggravated felony; [the Firearm Charge] was not an aggravated felony."

Counsel was obligated to inform Defendant only that pleading guilty to the Firearm Charge carried immigration risks. *See Jelashovic v. State*, 2012 UT App 220, ¶ 10, 285 P.3d 14 ("*Padilla* requires only that the risks be expressed—not that they be expressed in any particular detail or by an attorney with any particular expertise."). Plea Counsel testified that it was her understanding "there were immigration consequences stemming from both charges," which she explained to Defendant. Defendant testified that it was his understanding that it was "unlikely" that he would be deported if he pled guilty to the Firearm Charge. This testimony demonstrates that Plea Counsel did advise him that there was at least some risk of negative immigration consequences to pleading guilty. As such, Plea Counsel "did her due diligence," in the words of the district court, and even exceeded the duty imposed by *Padilla* by consulting an immigration attorney to determine what the likely immigration risks would be in Defendant's particular case and then sharing that information with Defendant, rather than merely inviting him to consult with an immigration attorney.

¶16 Second, the plea statement that Plea Counsel discussed with Defendant and that Defendant signed also warned, with our emphasis, of the potential risk of deportation: "I understand that if I am not a United States citizen, my plea(s) *may, or even will, subject me to deportation* under United States immigration laws and regulations, or otherwise adversely affect my immigration status." Defendant therefore cannot claim that he was unaware that his guilty plea could possibly result in his deportation when the statement he signed and said he understood clearly indicated as much. *See Ramirez-Gil v. State*, 2014 UT App 122, ¶ 10, 327 P.3d 1228 ("Between the statements in the written plea form explaining the deportation consequences of Petitioner's plea and Petitioner's signature on that form confirming that trial counsel reviewed the plea with him, Petitioner cannot demonstrate that counsel performed deficiently by failing to advise him that his plea could affect his immigration status.").

¶17 For these reasons, we affirm the district court's conclusion that Plea Counsel did not perform deficiently, and Defendant's ineffective assistance claim is unavailing.

## II. Knowing and Voluntary

¶18 Once entered, a guilty plea may be withdrawn only upon "a showing that it was not knowingly and voluntarily made." Utah Code Ann. § 77-13-6(2)(a) (LexisNexis 2017). Defendant argues that Plea Counsel's allegedly deficient performance in advising him of the immigration ramifications prevented him from entering his guilty plea knowingly and voluntarily. Because we have determined that Plea Counsel did not perform deficiently, *see supra* ¶¶ 14–16, we conclude that the district court did not abuse its discretion when it denied Defendant's motion to withdraw his guilty plea, which was premised exclusively on that theory.

## CONCLUSION

¶19 We conclude that Plea Counsel did not perform deficiently when she advised Defendant of the immigration consequences of pleading guilty to the Firearm Charge. Regardless of whether her analysis was entirely correct, Plea Counsel notified Defendant that pleading guilty carried immigration risks. Defendant also signed a statement certifying that he was aware that his guilty plea could potentially result in deportation. Because Plea Counsel did not perform deficiently, the district court did not abuse its discretion in finding that Defendant entered his guilty plea knowingly and voluntarily.

¶20 Affirmed.

————————