**In re David Lee CARRAHER and Phyllis Diane Carraher, Debtors.**

**David L. CARRAHER; Phyllis D. Carraher, and Ronald C. Lapekas, Plaintiffs–Appellants,**

v.

**MORGAN ELECTRONICS, INC., et al., Defendant–Appellee.**

No. 91–15638.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 1992.

Decided July 28, 1992.

Ronald C. Lapekas, Pasadena, Cal., for plaintiffs-appellants.

John H. MacConaghy, Koller & MacConaghy, Emeryville, Cal., for defendant-appellee.

Before: BOOCHEVER, REINHARDT and KOZINSKI, Circuit Judges.

PER CURIAM:

The bankruptcy court dismissed the Carrahers' bankruptcy case, but retained jurisdiction over the Carrahers' related fraud case against defendants. The court ruled that res judicata barred the fraud claims.[1] The district court affirmed.

The questions on appeal are three: (1) Does dismissal of the underlying bankruptcy case automatically divest the bankruptcy court of jurisdiction over related cases, such as the Carrahers' fraud case? (2) If not, what factors must the bankruptcy court consider in deciding whether to retain or relinquish jurisdiction over such cases? (3) Was the award of Rule 11 sanctions against Carrahers' counsel appropriate?

---

1. The court also remanded two of the fraud claims to state court, but that order is not at issue here.

## DISCUSSION

■ The Carrahers' fraud case was originally filed in state court, but was then removed to bankruptcy court as a related case because of the pendency of the bankruptcy case. It might make sense, therefore, to conclude that jurisdiction over the fraud case ceased when the underlying bankruptcy case was dismissed. But Congress has not so defined bankruptcy jurisdiction: Section 349 of the Bankruptcy Code lists the various effects of dismissal of the underlying bankruptcy case; conspicuously absent from that list is automatic termination of jurisdiction over related cases. 11 U.S.C. § 349. If Congress wished to terminate bankruptcy jurisdiction over related cases when the underlying bankruptcy case is dismissed, it presumably would have said so in section 349 or elsewhere. It hasn't, and its silence is determinative: We hold, in accord with the Third and Eleventh Circuits, that bankruptcy courts are not automatically divested of jurisdiction over related cases when the underlying bankruptcy case is dismissed. *See In re Morris*, 950 F.2d 1531, 1534 (11th Cir.1992); *In re Smith*, 866 F.2d 576, 580 (3d Cir.1989). The bankruptcy court may retain the case, subject to the considerations discussed below.

In considering what standards govern the bankruptcy court's discretion in determining whether to retain a related case after dismissal of the underlying bankruptcy case, we, like other courts, turn for guidance to cases considering the authority of federal district courts to retain pendent state claims after the federal claims have been dismissed. *See, e.g., Morris*, 950 F.2d at 1534; *Smith*, 866 F.2d at 580. The Supreme Court has held that where a federal district court dismisses federal claims, the court must consider economy, convenience, fairness and comity in deciding whether to retain jurisdiction over pendent state claims. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 353, 108 S.Ct. 614, 620–21, 98 L.Ed.2d 720 (1988). The district court's weighing of these factors is discretionary, *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205–06 (9th Cir.1991). We review the court's decision to retain jurisdiction for abuse of discretion—in other words, unless we have "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *United States v. City of Twin Falls, Idaho*, 806 F.2d 862, 868 (9th Cir. 1986), *cert. denied*, 482 U.S. 914, 107 S.Ct. 3185, 96 L.Ed.2d 674 (1987).

■ Here, the bankruptcy court didn't abuse its discretion in retaining jurisdiction over the fraud claims. As the court correctly decided, res judicata clearly barred the Carrahers' eight fraud claims. It was certainly no less efficient and convenient for the bankruptcy court to resolve this issue than to send it to the state courts. As to fairness, the proceedings had dragged on for six years; it would have been unfair to defendants to delay matters further by remanding these claims to state court when the bankruptcy court could easily dispose of them. Finally, as for comity, the decision given res judicata effect was that of another bankruptcy court; the state court's interest in passing on the preclusive effect of a federal court judgment was small.

■ However, we reverse the award of sanctions against Mr. Lapekas, the Carrahers' counsel. Lapekas's argument concerning subject matter jurisdiction wasn't frivolous; as we note above, this issue was previously undecided in this circuit and has logical appeal. *See Conn v. Borjorquez*, 967 F.2d 1418, 1419, 1420 (9th Cir.1992) (sanctions inappropriate when motion states an arguable claim, even if the claim is ultimately rejected). Indeed, some courts had referred to the "general rule" that jurisdiction over a related case is lost when the underlying bankruptcy case is dismissed. *See, e.g., In re Smith*, 866 F.2d 576, 580 (3rd Cir.1989). Furthermore, we are reluctant to affirm sanctions awards imposed for action taken in response to a motion for summary judgment, as was the case here. *See Stitt v. Williams*, 919 F.2d 516, 528–29 (9th Cir.1990). The parties shall bear their own costs.

## CONCLUSION

The bankruptcy court had jurisdiction over the related fraud case, and properly

exercised its discretion in retaining jurisdiction. However, the award of sanctions against the Carrahers' counsel is reversed.

AFFIRMED IN PART AND REVERSED IN PART.