**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

In re:                              )   BAP No.   NC-14-1237-TaPaJu
                                    )
RODOLFO VELASQUEZ,                  )   Bk. No.   14-30344
                                    )
                Debtor.             )   Adv. No.  14-03031
_____)
                                    )
RODOLFO VELASQUEZ,                  )
                                    )
                Appellant,          )
                                    )
v.                                  )   **MEMORANDUM**[*]
                                    )
BANK OF AMERICA, N.A,               )
                                    )
                Appellee.           )
_____)

Submitted Without Oral Argument[**]
on February 19, 2015

Filed - February 24, 2015

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Dennis Montali, Bankruptcy Judge, Presiding

Appearances:    Rodolfo Velasquez, pro se, on brief; Andrea M.
                Hicks, Monique Jewett-Brewster and Katherine
                Keating of Bryan Cave LLP on brief for appellee
                Bank of America, N.A.

---

[*]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

[**]  After examination of the briefs and record, and after notice to the parties, in an order entered October 30, 2014, the Panel unanimously determined that oral argument was not needed for this appeal.  See Fed. R. Bankr. P. 8019(b); 9th Cir. BAP Rule 8019-1.

Before:  TAYLOR, PAPPAS, and JURY, Bankruptcy Judges.

Chapter 13[1] debtor Rodolfo Velasquez appeals from the bankruptcy court's dismissal of his adversary proceeding against Bank of America N.A.  We AFFIRM.

**FACTS**

The Debtor filed a chapter 13 petition and his schedules.[2] The Debtor, however, did not file a Statement of Current Monthly Income and Means Test Calculation ("B22 Form").  As a result, the bankruptcy court issued an order ("Order") providing for automatic case dismissal unless on or before April 21, 2014, the Debtor filed the B22 Form or obtained either a filing extension or an order excusing the filing.

The Debtor's schedules reflected ownership of real property located in San Francisco, California (the "Property").  Bank of America N.A. ("BOFA") holds obligations secured by deeds of trust against the Property.

Notwithstanding the Order, the Debtor did not focus exclusively on filing his B22 Form and complying with the Order; instead, he also commenced an adversary proceeding against BOFA, alleging a number of California state law claims.  It was the Debtor's fourth action against BOFA.  BOFA promptly moved to

---

[1]  Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2]  We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case.  See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

2

dismiss the adversary proceeding under Civil Rule 12(b)(6).

The "drop dead date" under the Order came and went without further action by the Debtor. As a result, the bankruptcy court dismissed the chapter 13 case on April 22, 2014. Following dismissal of the bankruptcy case, the bankruptcy court sua sponte dismissed the adversary proceeding ("Adversary Dismissal Order"). It determined, based on the chapter 13 dismissal, that the interests of economy, convenience, fairness, and equity weighed in favor of declining to exercise jurisdiction over the adversary proceeding. While it expressly made no determination on the merits of the motion to dismiss, the bankruptcy court also noted that BOFA's motion to dismiss appeared well taken. The Debtor timely appealed from the Adversary Dismissal Order.

The Debtor subsequently filed the B22 Form in the chapter 13 case and moved for reconsideration of the chapter 13 case dismissal; he asserted that he complied with the Order by mailing the B22 Form in mid-April. While the bankruptcy court did not agree that the mailing date was dispositive, it ultimately granted the Debtor's motion and vacated the chapter 13 case dismissal order. To the Panel's knowledge, the chapter 13 case remains pending.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B) and (K). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court abused its discretion in declining to exercise jurisdiction over the adversary

proceeding.

**STANDARD OF REVIEW**

We review the bankruptcy court's decision to decline to exercise jurisdiction over an adversary proceeding for an abuse of discretion. Carraher v. Morgan Elec., Inc. (In re Carraher), 971 F.2d 327, 328 (9th Cir. 1992). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

**DISCUSSION**

Dismissal of an underlying bankruptcy case does not automatically divest the bankruptcy court of jurisdiction over a related adversary proceeding seeking recovery on state law theories. In re Carraher, 971 F.2d at 328. In deciding whether to retain jurisdiction, the bankruptcy court must consider economy, convenience, fairness, and comity. Id.

The record shows that the bankruptcy court appropriately applied the correct legal standard. Citing In re Carraher, it considered and weighed the pertinent interests in the context of a dismissed bankruptcy case and an adversary proceeding consisting solely of state law claims.[3] In particular, the

---

[3] To the extent the bankruptcy court opined that issue preclusion possibly barred the Debtor's claims, such observation (continued...)

4

bankruptcy court noted that the adversary proceeding was then pending for only one month and determined that dismissal would not cause undue delay. Nothing in the record suggests an abuse of discretion.

All of the Debtor's arguments on appeal relate to the allegations in the adversary complaint; that is, BOFA's alleged improper conduct and the United States Trustee's alleged obligation to prosecute the adversary proceeding. These arguments concern the merits of the adversary proceeding and, thus, are beyond the scope of this appeal. Therefore, we do not address them.

To the extent the Debtor argues that the bankruptcy court was required to sua sponte vacate the Adversary Dismissal Order after reinstating the chapter 13 case, we reject the argument. As a litigant, the Debtor was responsible for prosecuting and defending his position in the adversary proceeding. The Debtor bore the burden of moving for reconsideration of the Adversary Dismissal Order; he did not do so. His successful reconsideration motion reinstating the chapter 13 case was not filed in the adversary proceeding and did not specifically request reinstatement of the adversary proceeding. The bankruptcy court was not required to vacate the Adversary Dismissal Order in the absence of a motion from the Debtor.

**CONCLUSION**

Based on the foregoing, we AFFIRM.

---

[3] (...continued)
was dicta, as it expressly stated that it made no determination on the merits of BOFA's motion to dismiss.

5