NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  PETER F. BRONSON; SHERRI L. BRONSON, | No. 16-60099 |
| Debtors, | BAP No. 16-1050 |
| ———————————————— | |
| PETER F. BRONSON; SHERRI L. BRONSON, | MEMORANDUM[*] |
| Appellants, | |
| v. | |
| THOMAS M. THOMPSON, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Jury, Faris, and Lafferty, Bankruptcy Judges, Presiding

Submitted July 11, 2017[**]

Before:    CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Peter F. Bronson and Sherri L. Bronson appeal pro se from a judgment of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's order dismissing their state law claims and closing an adversary proceeding. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not abuse its discretion by dismissing the Bronsons' state law claim and closing the adversary proceeding because the underlying bankruptcy proceeding is complete. *See Carraher v. Morgan Elecs., Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th Cir. 1992) (setting forth standard of review and explaining that whether to retain jurisdiction over state law claims is within the bankruptcy court's discretion subject to considerations of judicial economy, fairness, convenience, and comity).

We do not consider the Bronsons' contentions regarding the merits of the underlying adversary proceeding, which are not within the scope of this appeal.

The appellee's request for sanctions and attorney's fees, set forth in the answering brief, is denied.

**AFFIRMED.**

16-60099