**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>GUETATCHEW FIKROU, DBA Abet Justice LLC, Non Profit Organization, AKA Gueta Fikrou, AKA Get Fikru,<br>          Debtor. | BAP No. NV-20-1117-FBT<br><br>Bk. No. 2:19-bk-13180 |
| GUETATCHEW FIKROU,<br>          Appellant,<br>v.<br>RICK A. YARNALL, Chapter 13 Trustee; THE BANK OF NEW YORK MELLON, fka the Bank of New York as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-through Trust 2007-J2 Mortgage Pass-through Certificates, Series 2007-J2; AMERICA FIRST CREDIT UNION; HOLLI PERRY; M. DARIN HAMMOND; MONTGOMERY COUNTY OFFICE OF CHILD SUPPORT; NEVADA TITLE COMPANY; INTERNAL REVENUE SERVICE RETIREMENT DIVISION; NORTHROP GRUMMAN AEROSPACE SYSTEMS,<br>          Appellees. | **MEMORANDUM**[*] |

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Appeal from the United States Bankruptcy Court
for the District of Nevada
Mike K. Nakagawa, Bankruptcy Judge, Presiding

Before: FARIS, BRAND, and TAYLOR, Bankruptcy Judges.

## INTRODUCTION

Guetatchew Fikrou filed a chapter 13[1] case and an adversary proceeding in an attempt to challenge the prepetition decisions of nonbankruptcy courts in two foreclosure proceedings and a child support enforcement proceeding. The bankruptcy court dismissed the bankruptcy case and the adversary proceeding and denied as moot a host of motions that Mr. Fikrou had filed in the bankruptcy case. The court also denied Mr. Fikrou's motion for reconsideration.

The bankruptcy court did not abuse its discretion in denying reconsideration and dismissing the adversary complaint. We AFFIRM.

## FACTUAL BACKGROUND

### A.  Prepetition litigation

Mr. Fikrou has been involved in many legal fights spanning decades. In his most recent bankruptcy case, Mr. Fikrou tried to overcome his defeat

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

in at least three prepetition actions.

### 1.    The Montana Pine Property

Mr. Fikrou and a company he controlled, ABET Justice LLC, were involved in litigation with appellee Bank of New York Mellon ("BONY") about ownership of property on Montana Pine Drive in Henderson, Nevada (the "Montana Pine Property"). The United States District Court for the District of Nevada quieted title to the Montana Pine Property in BONY. The Ninth Circuit affirmed.

BONY then filed a complaint in the Justice Court for Clark County Nevada, Henderson Township, to evict Mr. Fikrou from the Montana Pine Property. The Justice Court ruled in favor of BONY, and a constable locked Mr. Fikrou out of the Montana Pine Property. Mr. Fikrou recorded a notice of lis pendens and appealed the Justice Court's decision to the state District Court.

BONY sent notices to Mr. Fikrou to inform him that it would hold his personal property for thirty days pursuant to state law. Mr. Fikrou did not retrieve his personal property.

The state District Court dismissed the appeal from the Justice Court's eviction order and granted BONY's motion to expunge the lis pendens.[2]

---

[2] On July 18, 2019, the state District Court entered a Remittitur directed to the Justice Court, transmitting a copy of a minute order, the Justice Court's file, and exhibits. Mr. Fikrou apparently believes that the Remittitur means that the District

(continued...)

3

## 2. The Cortina Ranchero Property

Mr. Fikrou (and his company) litigated with appellee America First Credit Union ("America First") about the foreclosure of America First's two mortgages on property on Cortina Ranchero Street in Las Vegas, Nevada (the "Cortina Ranchero Property"). Mr. Fikrou's company acquired the property in a foreclosure of America First's second priority lien, but then America First acquired the property in a foreclosure of its first lien. Mr. Fikrou recorded a notice lis pendens.

Mr. Fikrou sought to stop the first mortgage foreclosure in state and federal court. He and his company filed suit against America First in the United States District Court for the District of Nevada, but the court dismissed the federal lawsuit and expunged Mr. Fikrou's lis pendens.

America First filed an eviction lawsuit in state District Court. Mr. Fikrou filed counterclaims against America First. The state District Court denied Mr. Fikrou's motion to void the foreclosure sale and dismissed his counterclaims. Mr. Fikrou appealed the dismissal of his counterclaims, but the Nevada Supreme Court dismissed Mr. Fikrou's appeal.

---

[2](...continued)
Court reversed the Justice Court's rulings. He is mistaken; the face of the document makes clear that it merely transmitted the record from the appellate court to the trial court.

4

### 3. Child support orders

Mr. Fikrou was involved in a dispute with Maryland's Montgomery County Office of Child Support ("Montgomery County") about child support payments dating back to 1993 or earlier. The details of this dispute are murky and allegedly involve two bankruptcy cases, wage garnishment, and the foreclosure of three properties. The bankruptcy court did not need to sort out the history of the dispute and, for reasons that appear below, neither do we.

## B. Mr. Fikrou's chapter 13 case

On May 21, 2019, Mr. Fikrou, proceeding pro se, filed a chapter 13 petition. Appellee Rick A. Yarnall ("Trustee") is the standing chapter 13 trustee.

Mr. Fikrou scheduled interests in the Montana Pine Property and Cortina Ranchero Property and listed BONY and America First as holding disputed claims. He indicated that he was unemployed and that his expenses exceeded his income, leaving him with no disposable income with which to make plan payments.

Mr. Fikrou's proposed chapter 13 plan was facially defective: his plan provided for zero payments to the Trustee. He later amended his plan to propose thirty-six monthly payments of $90 for a total of $3,240, but it did not indicate a proposed treatment for any creditor. The Trustee objected to confirmation of the amended plan.

Mr. Fikrou attempted to bring all of his prepetition disputes before the bankruptcy court.

- He commenced an adversary proceeding against Montgomery County and others, based on the child support dispute mentioned above. He sought over $10 million in damages.

- He filed a document (the "Cortina Ranchero Relief Motion") requesting that the bankruptcy court undo the prepetition foreclosure of the Cortina Ranchero Property.

- He filed a similar document (the "Montana Pine Relief Motion") asking the bankruptcy court to provide him relief from the prepetition foreclosure of the Montana Pine Property.

The bankruptcy court entered separate orders denying the Cortina Ranchero Relief Motion and the Montana Pine Relief Motion, primarily because the bankruptcy court held that it lacked authority to overturn the prepetition judgments against Mr. Fikrou.

In the meantime, the Trustee moved to dismiss the bankruptcy case, arguing (among other things) that Mr. Fikrou had filed his case in bad faith. After a hearing, the bankruptcy court issued its order dismissing the case ("Case Dismissal Order"). The court agreed with the Trustee that Mr. Fikrou had filed the case in bad faith. It held that he was attempting to manipulate the Bankruptcy Code to defeat state court litigation and undo prepetition decisions by other federal and state courts. It also noted that he

had a negative disposable income and could not make the proposed $90 monthly plan payments. The court thus found that the totality of the circumstances indicated bad faith.

The court found that dismissal served the best interests of the creditors and the estate. However, it declined the Trustee's request to dismiss the case with prejudice.

Because the court granted the motion to dismiss, it entered orders denying all pending motions as moot. These included Mr. Fikrou's motions for reconsideration of the denial of the Montana Pine Relief Motion and the Cortina Ranchero Relief Motion, and a motion for relief from the automatic stay filed by BONY. Collectively, we refer to these orders and the Case Dismissal Order as the "October 18 Orders."

Mr. Fikrou filed a motion for reconsideration of the October 18 Orders under Civil Rule 60 (the "Motion for Reconsideration"). He apparently first submitted the Motion for Reconsideration to the bankruptcy court clerk's office on October 28, 2019, based on the date stamp on the motion. For reasons that the record does not explain,[3] the clerk did not immediately file or docket it. On November 20, he filed a

---

[3] Mr. Fikrou says that he was "barred" from the clerk's office. But there is a clerk's office date stamp on the document showing receipt on October 28, so somehow the document got to the clerk. There is no order in the record stating that his documents should not be accepted for filing. In any event, the appellees did not contest his version of events or object to the timeliness of the Motion for Reconsideration.

request that the bankruptcy court file the Motion for Reconsideration. The court accepted and docketed the motion the same day.

After a hearing, the court issued an order denying the Motion for Reconsideration (the "Reconsideration Order"). It held that the Motion for Reconsideration was filed thirty-three days after the October 18 Orders, so the court would analyze it under Civil Rule 60, rather than Civil Rule 59. It considered each subsection of Civil Rule 60 and concluded that there was no basis to reconsider any of the October 18 Orders.

In the meantime, the bankruptcy court issued a Notice of Conditional Dismissal of Adversary Proceeding, which provided that the court would dismiss the adversary proceeding unless someone objected. Mr. Fikrou filed a timely objection.

After a hearing, the bankruptcy court issued an order dismissing the adversary proceeding ("Adversary Dismissal Order"). It applied the four factors listed in *Carraher v. Morgan Electronics, Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th Cir. 1992): economy, convenience, fairness, and comity. It concluded that the adversary proceeding was still in its infant stages; that Mr. Fikrou's arguments were mere retreads of his unsuccessful arguments raised with the Motion for Reconsideration; and that the court lacked authority to enter judgment on most or all of Mr. Fikrou's claims. The court dismissed the adversary proceeding without prejudice.

Mr. Fikrou filed a notice of appeal. He only referenced and attached a

copy of the Reconsideration Order. He did not mention the Adversary Dismissal Order.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1), (b)(2)(A), and (G).

Montgomery County asserts that we lack appellate jurisdiction over the appeal to the extent it challenges the dismissal of the adversary proceeding. Although Mr. Fikrou did not properly designate the Adversary Dismissal Order for appeal, we will construe the notice of appeal as encompassing the Adversary Dismissal Order.

Generally, an appellant must file a notice of appeal that includes a copy of the order appealed from. *See* Rule 8003(a)(3)(B). When considering a defective notice of appeal, the Supreme Court and Ninth Circuit have cautioned "that the requirements of the rules of procedure should be liberally construed and that 'mere technicalities' should not stand in the way of consideration of a case on its merits." *Le v. Astrue*, 558 F.3d 1019, 1022 (9th Cir. 2009) (citations omitted). Even if an order "does not appear on the face of the notice of appeal," we are to consider: "(1) whether the intent to appeal a specific judgment can be fairly inferred and (2) whether the appellee was prejudiced by the mistake." *Id.* at 1022-23 (quoting *Lolli v. Cty. of Orange*, 351 F.3d 410, 414 (9th Cir. 2003)). "In determining whether intent and prejudice are present, we consider first, whether the affected

9

party had notice of the issue on appeal; and, second, whether the affected party had an opportunity to fully brief the issue." *Id.* at 1023 (quoting *Meehan v. Cty. of L.A.*, 856 F.2d 102, 105 (9th Cir. 1988)) (quotation marks omitted).

Mr. Fikrou has briefed certain issues connected to the dismissal of the adversary proceeding, and Montgomery County responded. Because it is fairly clear that he intended to appeal the Adversary Dismissal Order, we exercise our discretion to review it. *See Mahakian v. William Maxwell Invs., LLC (In re Mahakian)*, 529 B.R. 268 (9th Cir. BAP 2015).

Therefore, we have jurisdiction under 28 U.S.C. § 158.[4]

## ISSUES

(1) Whether the bankruptcy court abused its discretion in denying the Motion for Reconsideration.

(2) Whether the bankruptcy court abused its discretion in dismissing the adversary proceeding.

## STANDARD OF REVIEW

We review for an abuse of discretion the bankruptcy court's ruling regarding a motion for reconsideration. *Carruth v. Eutsler (In re Eutsler)*, 585

---

[4] The bankruptcy court entered orders denying Mr. Fikrou's motion to confirm his chapter 13 plan, motion for sanctions against BONY for violating the automatic stay, and motion for damages against America First for fraudulent transfer. Mr. Fikrou did not include any of these orders in his notice of appeal and he only tangentially references these orders in his opening brief. Therefore, we will not consider them on appeal. Even if we did, we would affirm for the reasons discussed herein.

B.R. 231, 235 (9th Cir. BAP 2017). Similarly, we review for an abuse of discretion the court's decision to decline to exercise jurisdiction over an adversary proceeding. *In re Carraher*, 971 F.2d at 328.

To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262-63 & n.21 (9th Cir. 2009) (en banc).

We may affirm on any basis fairly supported by the record. *Wirum v. Warren (In re Warren)*, 568 F.3d 1113, 1116 (9th Cir. 2009).

## DISCUSSION

### A. The bankruptcy court did not abuse its discretion in denying the Motion for Reconsideration.

We must first decide whether to evaluate the Motion for Reconsideration under Civil Rule 59, made applicable in bankruptcy by Rule 9023, or Civil Rule 60, made applicable in bankruptcy by Rule 9024. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) ("A 'motion for reconsideration' is treated as a motion to alter or amend judgment under [Civil Rule] 59(e) if it is filed

11

within [fourteen] days of entry of judgment. Otherwise, it is treated as a [Civil] Rule 60(b) motion for relief from a judgment or order.").

Mr. Fikrou brought the Motion for Reconsideration under Civil Rule 60 (incorrectly identified as Nevada Rule of Civil Procedure 60), and the bankruptcy court examined his arguments under Civil Rule 60, because the motion was filed more than fourteen days after the October 18 Orders. But Civil Rule 59 is more applicable. Mr. Fikrou claims that he originally filed the Motion for Reconsideration on October 28, ten days after the bankruptcy court dismissed the bankruptcy case; no one claims otherwise; and the court's date stamp supports his story. In the absence of any explanation for the bankruptcy court clerk's failure to immediately file and docket the Motion for Reconsideration, we will treat the Motion for Reconsideration as timely filed within fourteen days of the October 18 Orders and evaluate it under Civil Rule 59.[5]

The Ninth Circuit has stated that, "[u]nder [Civil] Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th

---

[5] The bankruptcy court's choice of Civil Rule 60 has no effect on the outcome. As we explain below, Mr. Fikrou is not entitled to relief under Civil Rule 59. He therefore is not entitled to relief under the stricter standard of Civil Rule 60.

Cir. 1999) (citation omitted).

The Motion for Reconsideration did not present any newly discovered evidence, establish clear error, or identify an intervening change in law. Rather, Mr. Fikrou only repeated his arguments that the bankruptcy court had already rejected. Mr. Fikrou never gave a valid reason why he is not bound by the prior state court and federal court decisions. It was not error to deny the Motion for Reconsideration.

Mr. Fikrou's attacks on the October 18 Orders are also meritless. He never addressed the bankruptcy court's determination that his plan was unfeasible, because he had no income with which to make plan payments. It thus was not an error for the court to dismiss the case and declare the pending motions moot.[6]

## B.    The court did not err in dismissing the adversary proceeding.

Mr. Fikrou complains that the court should not have dismissed the adversary proceeding. However, he fails to address the court's reasons for dismissing the complaint. We discern no abuse of discretion.

In *Carraher*, the Ninth Circuit held that, when a bankruptcy court decides whether to retain jurisdiction over an adversary proceeding after

---

[6] None of the October 18 Orders is directly before us because Mr. Fikrou did not include any of the October 18 Orders in his notice of appeal or analyze any of them in his appellate briefs. If they were before us, we would affirm. Once the bankruptcy case was dismissed, there was no reason to address the pending motions. The bankruptcy court correctly denied them as moot.

dismissing the underlying bankruptcy case, the court should consider judicial economy, convenience, fairness, and comity. *In re Carraher*, 971 F.2d at 328.

Mr. Fikrou's briefs do not address any of the *Carraher* factors. Instead, he only argues about the merits of the child support dispute. He has thus waived any objection to the dismissal of the adversary proceeding. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

Even if Mr. Fikrou had not waived the issue, we would conclude that the bankruptcy court did not err in dismissing the adversary proceeding. The court properly identified the *Carraher* test as the correct legal standard, applied that test to the facts of the case, and gave appropriate weight to each of the four factors.

Mr. Fikrou generally argues that the court violated his due process rights. The closest he comes to identifying a violation is a brief assertion that the court improperly vacated a hearing. He is apparently referring to a scheduling conference in the adversary proceeding that the court vacated pending a decision on whether to dismiss the adversary proceeding. Temporarily taking a scheduling conference off calendar while the court addresses a case-dispositive matter does not rise to the level of a due process violation.

Therefore, the bankruptcy court did not err in refusing to retain

jurisdiction over the adversary proceeding after it dismissed the underlying bankruptcy case.

## CONCLUSION

We hold that the bankruptcy court did not abuse its discretion in denying the Motion for Reconsideration and dismissing the adversary complaint. We AFFIRM.[7]

---

[7] Mr. Fikrou filed motions for default as to the appellees who did not file briefs. We DENY these motions. The rules do not authorize a default judgment against appellees who choose not to file briefs. If an appellee chooses not to file a brief, the appellee risks that an appellant may persuade an appellate court to reverse the judgment on appeal, but it is always the appellant's burden to demonstrate error. *See Yuan Gao v. Mukasey*, 519 F.3d 376, 379 (7th Cir. 2008).