NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: NATHANIEL BASOLA SOBAYO,<br><br>Debtor,<br><br>------------------------------<br><br>NATHANIEL BASOLA SOBAYO,<br><br>Appellant,<br><br> v.<br><br>HIEN THI NGUYEN; ROBERT K. LANE;<br>DANIEL BUTT; KHIEM NGUYEN;<br>AVALON NGUYEN GARDNER LIVING<br>TRUST; HONG JACQUELINE GARDNER,<br><br>Appellees. | No. 21-60033<br><br>BAP No. 20-1151<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Brand, Spraker, and Gan, Bankruptcy Judges, Presiding

Submitted August 17, 2022[**]

Before:     S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Chapter 13 debtor Nathaniel Basola Sobayo appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order dismissing Sobayo's adversary proceeding. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court properly dismissed Sobayo's adversary proceeding because Sobayo failed to allege facts sufficient to show that the foreclosure against Sobayo's company, Kingsway Capital Partners, LLC, constituted a violation of the automatic stay in Sobayo's Chapter 13 proceeding. *See* Del. Code Ann. tit. 6, § 18-701 ("A member has no interest in specific limited liability company property."); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim).

The bankruptcy court did not abuse its discretion by setting aside the entry of default because defendants demonstrated good cause. *See* Fed. R. Civ. P. 55(c) ("A court may set aside an entry of default for good cause . . . ."); Fed. R. Bankr. P. 7055 ("[Fed. R. Civ. P. 55] applies in adversary proceedings."); *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (factors for determining good cause); *Mendoza v. Wight Vineyard Mgmt.*,

783 F.2d 941, 945 (9th Cir. 1986) (standard of review).

The district court did not abuse its discretion by denying Sobayo's motion for a continuance because Sobayo failed to demonstrate that he lacked sufficient opportunity to obtain counsel. *See United States v. Flynt*, 756 F.2d 1352, 1358-59 (9th Cir. 1985) (setting forth standard of review and factors to consider).

We reject as without merit Sobayo's contention that the bankruptcy court improperly exercised jurisdiction. *See Carraher v. Morgan Elecs., Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th Cir. 1992) (factors to consider).

All pending motions and requests are denied.

**AFFIRMED.**

21-60033