
## NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>RAMON FUENTES,<br><div align="center">Debtor.</div> | BAP No. NC-22-1158-SGB<br><br>Bk. No. 21-51321 |
| RAMON FUENTES,<br><div align="center">Appellant,</div><br>v.<br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, as Trustee for Indymac Inda<br>Mortgage Loan Trust 2007-AR2,<br>Mortgage Pass-Through Certificates<br>Series 2007-AR2,<br><div align="center">Appellee.</div> | Adv. No. 22-05018<br><br>**MEMORANDUM**<sup>*</sup> |

Appeal from the United States Bankruptcy Court
for the Northern District of California
M. Elaine Hammond, Bankruptcy Judge, Presiding

Before: SPRAKER, GAN, and BRAND, Bankruptcy Judges.

### INTRODUCTION

The bankruptcy court determined that debtor Ramon Fuentes

---

<sup>*</sup> This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

("Debtor") was ineligible for chapter 13[1] and dismissed his case. Debtor did not appeal that decision.

Immediately following dismissal of the case, the bankruptcy court declined to retain jurisdiction over Debtor's adversary proceeding. It dismissed the adversary proceeding and subsequently denied Debtor's motion for rehearing. Debtor has appealed both the adversary proceeding dismissal order and the denial of the rehearing motion.

Debtor has neither alleged nor demonstrated any reversible error. Accordingly, we AFFIRM.

## FACTS[2]

In January 2020, Debtor sued Deutsche Bank National Trust Company as Trustee for Indymac INDA Mortgage Loan Trust 2007-AR2, Mortgage Pass-Through Certificates Series 2007-AR2 ("DBNTC") and others in state court seeking to prevent foreclosure against a residence he and his wife owned in Watsonville, California ("Property"). Debtor did not dispute that he and his wife executed a promissory note and deed of trust requiring him and his wife to repay the principal amount of $676,000 plus

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case and adversary proceeding. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

interest. But he alleged that he and his wife never received any of those funds. According to Debtor, no money "changed hands." Instead, the loan transaction was executed through a series of bookkeeping transactions.

In September 2020, the state court dismissed Debtor's lawsuit with prejudice. In January 2021, the state court entered orders identifying Debtor and his wife as vexatious litigants and requiring them to obtain approval of the presiding judge before commencing any new litigation. Debtor and his wife appealed the vexatious litigant order and the prefiling order but ultimately lost their appeal. Debtor did not appeal the dismissal with prejudice of his lawsuit to prevent the foreclosure.

In October 2021, Debtor filed a voluntary chapter 13 petition. In his schedules, he claimed to have secured debt of only $676,000. But two secured creditors—DBNTC and Rocket Mortgage—filed proofs of claim asserting that they were owed $1,211,042.39 and $443,617.41, respectively, for a total of $1,654,659,80 in secured debt.

In February 2022, the bankruptcy court granted DBNTC relief from stay permitting it to enforce its rights against the Property as a secured creditor. That same month, the chapter 13 trustee moved to dismiss the bankruptcy case under § 109(e) because the aggregate amount of secured debt Debtor owed exceeded the $1,257,850 statutory ceiling for secured debt applicable as of the petition date.

In April 2022, Debtor commenced an adversary proceeding against DBNTC again seeking to prevent foreclosure. The only comprehensible

relief requested in the adversary complaint was for declaratory relief seeking a determination of DBNTC's claimed security interest in the Property. The complaint also attacked DBNTC's proof of claim. According to Debtor, DBNTC could not establish that it was entitled to enforce the note and the deed of trust securing the note.

DBNTC moved to dismiss the adversary proceeding under Civil Rule 12(b)(2) and (6). The court held hearings on both the trustee's case dismissal motion and DBNTC's adversary proceeding dismissal motion. The court dismissed the bankruptcy under § 109(e) based on its determination that Debtor's secured debt exceeded the statutory ceiling. The court then heard DBNTC's motion to dismiss the adversary proceeding. Instead of considering the merits of the adversary proceeding, the court dismissed the adversary proceeding without prejudice on alternate grounds. Citing *Carraher v. Morgan Electronics., Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th Cir. 1992), the court explained that it had discretion to decide whether to retain jurisdiction over the adversary proceeding upon dismissal of the underlying bankruptcy case. After weighing the four factors articulated in *Carraher*—judicial economy, convenience, fairness, and comity—the court determined that it would be inappropriate to retain jurisdiction. On that basis, it entered an order dismissing the adversary proceeding.

Debtor moved for rehearing of the court's adversary proceeding dismissal order, but the bankruptcy court denied the motion. Debtor timely

appealed from both the dismissal of his adversary proceeding and the denial of his rehearing motion. But he did not appeal the case dismissal order.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B) and (K). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

1.      Whether the bankruptcy court abused its discretion when it declined to retain jurisdiction over Debtor's adversary proceeding and dismissed it without prejudice.

2.      Whether the bankruptcy court abused its discretion when it denied Debtor's rehearing motion.

## STANDARD OF REVIEW

We review for an abuse of discretion the bankruptcy court's decision declining to retain jurisdiction over Debtor's adversary proceeding after dismissal of the underlying bankruptcy case. *In re Carraher*, 971 F.2d at 328. We similarly review for an abuse of discretion the bankruptcy court's denial of Debtor's rehearing motion. *See Carruth v. Eutsler (In re Eutsler)*, 585 B.R. 231, 235 (9th Cir. BAP 2017). The bankruptcy court abused its discretion if it applied an incorrect legal rule or its factual findings were illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

5

## DISCUSSION

**A.    The bankruptcy court did not abuse its discretion when it dismissed Debtor's adversary proceeding.**

Section 349 governs the effect of dismissal of a bankruptcy case. *In re Carraher*, 971 F.2d at 328. However, nothing in § 349 automatically divests bankruptcy courts of jurisdiction over related adversary proceedings when the underlying bankruptcy case is dismissed. *Id.* Rather, bankruptcy courts may retain jurisdiction of an adversary proceeding when appropriate. *Carraher* held that in deciding whether to exercise its discretion to retain jurisdiction, the bankruptcy court must consider four factors: "[judicial] economy, convenience, fairness and comity." *Id. Accord*, *Linkway Inv. Co. v. Olsen (In re Casamont Invs., Ltd.)*, 196 B.R. 517, 522 (9th Cir. BAP 1996).

In his appeal brief, Debtor did not address any of the *Carraher* factors. Instead, he focuses exclusively on the underlying merits of his allegations against DBNTC regarding its claimed status as a secured creditor with a security interest in the Property. As a result, Debtor forfeited his right to challenge the bankruptcy court's findings regarding the controlling issue: the consideration of the four *Carraher* factors. *See Fikrou v. Yarnall (In re Fikrou)*, BAP No. NV-20-1117-FBT, 2020 WL 7214141, at *5 (9th Cir. BAP Dec. 7, 2020) (citing *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999)).

As in *Fikrou*, even if we were to independently review the bankruptcy court's findings regarding application of the four *Carraher* factors, we would affirm. With respect to judicial economy, fairness, and

6

convenience, the bankruptcy court correctly observed that Debtor had presented and lost the same or similar arguments in his state court action. Therefore, permitting Debtor to proceed with his adversary proceeding would not further economy, convenience, or fairness since the bankruptcy court lacked the authority to review or overturn the state court's decision pursuant to the *Rooker-Feldman* doctrine.[3]

As for the final *Carraher* factor of comity, the bankruptcy court aptly noted that the underlying merits regarding the validity of DBNTC's rights and interest in the Property as a secured creditor presented issues primarily implicating state law. These issues had already been presented to, and disposed of by, the state court. Hence, due respect for state law and the state court's prior decision militated in favor of the bankruptcy court not retaining jurisdiction over Debtor's adversary proceeding.

Simply put, Debtor has failed to demonstrate that any of the bankruptcy court's findings concerning the *Carraher* factors were illogical, implausible, or unsupported by the record.

## B. The bankruptcy court did not abuse its discretion when it denied Debtor's motion for rehearing.

Civil Rule 59(e), made applicable in bankruptcy cases and adversary

---

[3] *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] court proceedings commenced and inviting district court review and rejection of those judgments.").

proceedings by Rule 9023, applies to Debtor's motion for rehearing because it was filed within 14 days of entry of the adversary proceeding dismissal order. *See First Ave. W. Bldg., LLC v. James (In re Onecast Media, Inc.)*, 439 F.3d 558, 561-62 (9th Cir. 2006). Under Civil Rule 59(e) the court may rehear a matter if it: "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

Debtor has neither alleged nor established any of the criteria that might support a grant of rehearing. He merely reargues points regarding the merits of his adversary proceeding and his alleged entitlement to the relief he requested. On this record, the bankruptcy court did not abuse its discretion in denying Debtor's motion for rehearing.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's dismissal of Debtor's adversary proceeding and its denial of Debtor's motion for rehearing.