FILED

AUG 8 2025

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>VICTORIA GIAMPA,<br><br>        Debtor. | BAP No. NV-24-1133-LGB |
| VICTORIA GIAMPA,<br><br>        Appellant,<br><br>v.<br><br>U.S. BANK TRUST, Not In Its Individual Capacity But Solely As Owner Trustee For RCF2 Acquisition Trust; ALEXA MARTINI STINSON, An Officer Of The Court; THE LAW OFFICES OF ROBERTSON, ANSCHUTZ, SCHNEID, CRANE AND PARTNERS, PLLC; NATHAN FREDERICK JONES SMITH, An Officer Of The Court; THE LAW OFFICES OF MALCOLM & CISNEROS, LLC; SELENE FINANCE LP; TIFFANY AND BOSCO, PA; KRISTA J. NIELSON, An Officer Of The Court; TRICIA ANN MORRA; WOLFE & WYMAN, LLP; DAVID TUCKER BLAKE, An Officer Of The Court,<br><br>        Appellees. | Bk. No. 23-13014-nmc<br><br>Adv. No. 23-01147-nmc<br><br>**MEMORANDUM**<sup>∗</sup> |

---

    ∗ This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

1

Appeal from the United States Bankruptcy Court
for the District of Nevada
Natalie M. Cox, Chief Bankruptcy Judge, Presiding

Before: LAFFERTY, GAN, and BRAND, Bankruptcy Judges.

## INTRODUCTION

Victoria Giampa ("Debtor") appeals the bankruptcy court's order dismissing an adversary proceeding she initiated against several entities she alleges conspired to draft and enforce a fraudulent deed of trust against her property.[1]

After the court dismissed Debtor's chapter 13[2] case, the court elected not to retain jurisdiction over the adversary proceeding. Applying the analysis set forth in *Carraher v. Morgan Electronics, Inc. (In re Carraher)*, 971 F.2d 327 (9th Cir. 1992), the court concluded that the relative infancy of the litigation and Debtor's assertion of primarily noncore claims militated against the bankruptcy court's retention of jurisdiction over the action following dismissal of the underlying bankruptcy case.

---

[1] Prior to oral argument on July 31, 2025, Debtor had informed the Panel that she intended to dismiss this appeal. However, the Panel has not received an effective notice of dismissal from Debtor; to date, the dismissal documents submitted by Debtor pertain to other appeals. In any event, this matter was called for oral argument as scheduled. Appellees' counsel appeared and the matter was submitted. Because Debtor has not yet filed a notice of dismissal in this appeal, and because we do not believe disposing of this matter via this Memorandum would prejudice any of the parties, we issue this disposition as we normally would after oral arguments.

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and "Civil Rule" references are to the Federal Rules of Civil Procedure.

We AFFIRM.

## FACTS[3]

On July 24, 2023, Debtor filed a chapter 13 petition. Subsequently, U.S. Bank Trust, Not in Its Individual Capacity but Solely as Owner Trustee for RCF2 Acquisition Trust ("U.S. Bank"), filed a proof of claim, asserting a $617,022.56 claim secured by a deed of trust against Debtor's real property located in Henderson, Nevada (the "Henderson Property").

On November 27, 2023, Debtor filed a complaint against U.S. Bank and several other entities (collectively, "Defendants"), initiating the subject adversary proceeding. In Debtor's operative third amended complaint, Debtor asserted several state law claims against Defendants, including for civil conspiracy, abuse of process, and a determination regarding the validity of the lien against the Henderson Property. Debtor also asserted a claim under RICO and a claim under certain federal criminal statutes for the alleged filing of a fraudulent proof of claim. The crux of Debtor's factual allegations was that U.S. Bank fabricated its deed of trust, lacked authority to enforce it, and that the other Defendants conspired with U.S. Bank in the execution and enforcement of a false deed of trust and false claim against Debtor's estate.

---

[3] We have taken judicial notice of the bankruptcy court docket and various documents filed through the electronic docketing system. *See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957-58 (9th Cir. 1989); *Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

On May 30, 2024, after Debtor failed to confirm a chapter 13 plan, the court dismissed Debtor's bankruptcy case. As we discussed in *Giampa v. Selene Finance, LP (In re Giampa)*, BAP No. NV-24-1111-CBG, 2025 WL 1591606 (9th Cir. BAP June 5, 2025) ("*Giampa I*"), dismissal of Debtor's case was prompted by the chapter 13 trustee's and U.S. Bank's objections to confirmation of Debtor's proposed plan as well as a motion to dismiss Debtor's case filed by the chapter 13 trustee and joined by U.S. Bank. *Giampa I*, 2025 WL 1591606 at *1. As outlined in those pleadings, the chapter 13 trustee and U.S. Bank sought dismissal based on the following deficiencies, among others: (i) the Debtor self-reported negative income; (ii) Debtor's proposed plan did not provide for all of her disposable income as required by the Code; (iii) the plan did not satisfy the liquidation test; and (iv) Debtor failed to provide required documents or cure defective filings by amendment.[4] *Id.*

In June 2024, after dismissal of Debtor's bankruptcy case, the bankruptcy court issued an Order to Show Cause why the adversary proceeding should not be dismissed (the "OSC"). In the OSC, the court explained that the four factors set forth in *Carraher* warranted dismissal of the adversary proceeding based on "the dismissal of the underlying

---

[4] As noted by the Panel in *Giampa I*, Debtor's response to these pleadings "followed a familiar, although almost always unsuccessful, refrain used by many debtors – that the creditor asserting a security interest in the real property (U.S. Bank in this case) was not the entity entitled to enforce payment on the claim because of alleged infirmities in the loan and assignment documents." *Giampa I*, 2025 WL 1591606 at *1.

bankruptcy case, the seemingly non-core nature of the asserted claims, and the infancy of [the] adversary proceeding."

Debtor filed two lengthy responses to the OSC. In her responses, Debtor reiterated many of the allegations from her complaint, including that Defendants had filed false and fraudulent documents before the court, were not real parties in interest with standing to enforce the deed of trust against the Henderson Property, or had otherwise engaged in unethical and fraudulent conduct. In light of these allegations, Debtor argued that the bankruptcy court should retain jurisdiction over the adversary proceeding.

On August 6, 2024, the court held a hearing on the OSC. Debtor appeared and repeated her arguments from her filed responses. In its oral ruling dismissing the adversary proceeding, the court again noted the noncore nature of the claims asserted by Debtor and the relative infancy of the litigation. As a result, in accordance with *Carraher*, the court concluded that dismissal of the adversary proceeding was appropriate.

In addition, the court acknowledged Debtor's allegations regarding Defendants' lack of authority to enforce the deed of trust and alleged fraudulent conduct. The court concluded that Debtor's claims based on these allegations "exist outside of the bankruptcy process" and that Debtor could assert such claims in a different forum.

On August 22, 2024, in accordance with its ruling, the bankruptcy court entered an order dismissing the adversary proceeding (the "Dismissal Order").[5] Debtor timely appealed.[6]

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (K). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court abuse its discretion by dismissing the adversary proceeding?

## STANDARD OF REVIEW

We review for an abuse of discretion the bankruptcy court's decision declining to retain jurisdiction over Debtor's adversary proceeding after dismissal of the underlying bankruptcy case. *In re Carraher*, 971 F.2d at 328.

The bankruptcy court abused its discretion if it applied an incorrect legal rule or its factual findings were illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver Inc.*, 653 F.3d 820, 832 (9th

---

[5] At the time the court dismissed the adversary proceeding, certain motions remained pending, including a request for default, a motion to compel compliance with discovery, and motions to dismiss. In its oral ruling, the court denied all pending matters as moot.

[6] On June 24, 2025, Debtor filed a "Motion to Challenge the Insufficiency of Krista J. Nielson's Certificate of Interested Parties." Through this motion, Debtor requests that the Panel strike Ms. Nielson's Certificate of Interested Parties based on an alleged violation of BAP Rule 8015(a)-1. Debtor has not demonstrated that Ms. Nielson violated BAP Rule 8015(a)-1 and has not otherwise articulated any reason to strike the Certificate of Interested Parties. Consequently, we DENY Debtor's motion.

Cir. 2011). We may affirm on any ground supported by the record, regardless of whether the bankruptcy court relied upon, rejected or even considered that ground. *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014).

## DISCUSSION

On appeal, Debtor asserts that the bankruptcy court should have retained jurisdiction and that the court incorrectly applied the *Carraher* analysis. Debtor also argues that: (i) the court did not properly assess subject matter jurisdiction; (ii) there was an improper substitution of U.S. Bank as a party; (iii) the court erred by denying pending matters as moot; (iv) the court lacked authority to enter a final judgment; (v) Debtor is entitled to a jury trial; and (vi) Defendants should be sanctioned based on Debtor's allegations of misconduct.

## A. The bankruptcy court did not abuse its discretion by dismissing the adversary proceeding.

As a preliminary matter, Debtor's arguments regarding subject matter jurisdiction are perplexing. Debtor makes two contradictory assertions: first, that the Dismissal Order is void because the court did not assess whether it had subject matter jurisdiction over the adversary proceeding and, second, that the court had and continues to have subject matter jurisdiction and should have retained such jurisdiction over the adversary proceeding.

7

A federal court always has jurisdiction to determine its own jurisdiction. *Cal. State Bd. of Equalization v. Harleston (In re Harleston)*, 275 B.R. 546, 549 (9th Cir. BAP 2002). And although it is true that orders entered without subject matter jurisdiction are void, the fact that the bankruptcy court did not explicitly make jurisdictional findings does not mean the court lacked subject matter jurisdiction. *See Owens–Corning Fiberglas Corp. v. Ctr. Wholesale, Inc. (In re Ctr. Wholesale, Inc.)*, 759 F.2d 1440, 1448 (9th Cir. 1985) ("[A judgment] is void only if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner inconsistent with due process of law." (citation omitted)).

Under 28 U.S.C. § 1334(b), bankruptcy courts may exercise jurisdiction over matters that are "related to" a bankruptcy case. An action is "related to" a bankruptcy case if the outcome of the proceeding could conceivably alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) in such a way as to impact the administration of the bankruptcy estate. *Fietz v. Great W. Sav. (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988) (adopting the definition articulated in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).

Here, at the time Debtor filed her complaint, the court had "related to" jurisdiction over the adversary proceeding because successful recovery of damages from Defendants would impact the size of Debtor's estate as well as her ability to fund a chapter 13 plan. In any event, even if the court

lacked subject matter jurisdiction, the appropriate result would be dismissal of the adversary proceeding, not reinstitution of the action as Debtor appears to be requesting.

In light of the above, the pertinent question is not whether the court had subject matter jurisdiction but whether the court erred in refusing to **retain** jurisdiction. The Ninth Circuit has provided a four-part test to determine whether courts should retain jurisdiction over an adversary proceeding after dismissal of the underlying bankruptcy case. *In re Carraher*, 971 F.2d at 328.

Prior to discussing the factors, we address Debtor's contention that the bankruptcy court "failed to apply" the *Carraher* factors. Despite Debtor's statements to the contrary, it is clear from the transcript of the hearing on the OSC that the court explicitly referenced *Carraher* and discussed the relevant facts of this case applicable to a *Carraher* analysis. That the court did not expressly state each factor on the record does not mean that the court failed to consider *Carraher* or make its decision using the *Carraher* framework.

Under *Carraher*, courts consider the following factors when assessing whether dismissal is appropriate: (i) judicial economy; (ii) convenience; (iii) fairness; and (iv) comity. *Id.*; *see also Linkway Inv. Co. v. Olsen (In re Casamont Invs., Ltd.)*, 196 B.R. 517, 524-25 (9th Cir. BAP 1996).

The bankruptcy court did not abuse its discretion by concluding that retention of jurisdiction was not warranted in this case.

With respect to the first factor of judicial economy, the bankruptcy court found that the adversary proceeding was in a relatively infant stage of litigation. Debtor has not articulated why this conclusion was illogical, implausible, or without support in the record. As is evident from the record, the matter did not progress beyond the pleading stage; the court dismissed the adversary proceeding before ruling on the most recent motions to dismiss the operative complaint.

The court also discussed the factor of comity by noting that Debtor exclusively asserted noncore claims and that such claims "exist outside of the bankruptcy process." Again, Debtor has not articulated why this observation was illogical, implausible, or without support in the record. Debtor almost exclusively asserts nonbankruptcy claims.[7]

Finally, with respect to the factors of fairness and convenience, the court noted that Debtor would be able to bring her claims in a different forum, presumably to explain that Debtor would not be significantly prejudiced by the dismissal of the adversary proceeding.

Debtor has not articulated why any of these findings are illogical, implausible, or without support in the record, or otherwise referenced facts that would undermine the bankruptcy court's conclusions with respect to

---

[7] The only bankruptcy-related claim asserted by Debtor is for fraudulently filing a proof of claim. However, Debtor lacks standing to assert this claim because it is based "entirely on criminal statutes (18 U.S.C. §§ 152, 157 and 3571) for which there is no private right of action." *Aziz v. U.S. Bank, NA (In re Aziz)*, BAP No. AZ-16-1133-BTaF, 2017 WL 3494805, at *3 n.7 (9th Cir. BAP Aug. 3, 2017).

the *Carraher* factors. Rather, Debtor simply argues that the court erred in its *Carraher* analysis because Debtor alleged misconduct on the part of Defendants. However, the merits of Debtor's claims are not a relevant consideration under *Carraher*. In addition, because the litigation between Debtor and Defendants did not progress beyond the pleading stage, Debtor's contentions are merely allegations. Debtor has not yet proven her claims in a court of law, and the record does not contain any evidence of misconduct beyond Debtor's allegations.

**B.    Debtor has not otherwise articulated a reversible error by the bankruptcy court.**

Debtor's remaining arguments do not establish any error by the bankruptcy court.

Before diving into these arguments, we note that Debtor repeatedly weaves arguments on the merits of her complaint throughout her briefs before this Panel. However, the bankruptcy court did not make any findings of fact or conclusions of law regarding the merits of Debtor's complaint. The bankruptcy court simply dismissed the adversary proceeding because it elected not to preside over the action and, as a result, not to make any findings of fact or conclusions of law on Debtor's claims. Thus, Debtor's arguments regarding the merits of her complaint are not properly before this Panel.

Turning to the specific arguments made by Debtor, first, Debtor contends that the bankruptcy court improperly substituted U.S. Bank in

11

place of "U.S. Bank Trust National Association Not In Its Individual Capacity But Solely As Owner Trustee For RCF2 Acquisition Trust." However, the record is devoid of any indication that the court ordered substitution of any parties, or even that any party attempted a substitution. It appears Debtor may be referring to the court's occasional shorthand use of "U.S. Bank" in place of the full legal name of the entity quoted above. But using such shorthand is not error.

Second, Debtor asserts that the court erred by denying certain pending motions as moot, such as a motion for default judgment. Debtor does not articulate why such motions are not moot, instead simply reiterating her arguments on the merits of her complaint. Again, because the court declined to preside over Debtor's complaint, the court need not — and cannot upon dismissal — entertain any motions related to disposition of Debtor's claims.

Third, Debtor argues that the court should have retained jurisdiction over a motion for sanctions for violation of the automatic stay. However, Debtor never filed any such motion. Instead, Debtor references an objection to a status report she filed in which she argued that the court should retain jurisdiction because Debtor asserted a violation of the automatic stay. That objection did not itself request damages or any other relief; instead, Debtor simply referenced her request for damages arising from a violation of the stay, presumably via her complaint, as a reason why the *Carraher* factors favored retention of the adversary proceeding. Notwithstanding Debtor's

12

statement in this status report, the operative complaint does not state a claim for violation of the automatic stay, and Debtor has not filed a motion for such violation on either the adversary or bankruptcy dockets.

Fourth, Debtor's argument that the court lacked authority to enter final judgment is misplaced. The bankruptcy court did not enter a final judgment on the merits. Debtor is free to seek a final judgment from a different forum with authority to enter a final judgment. Debtor's assertion that she is entitled to a jury trial is similarly misplaced. The bankruptcy court's ability to conduct a jury trial is a moot question upon dismissal of the action. Again, to the extent Debtor is entitled to a jury trial on her claims, Debtor may pursue a judgment from a court that may preside over a jury trial.

Finally, Debtor has not set forth any basis for this Panel to sanction Defendants. Debtor asserts that Defendants violated Civil Rule 11, but she does not reference any specific violation of Civil Rule 11 in the papers filed **before this Panel**. Debtor bases her request for sanctions – whether under Civil Rule 11 or for violation of the automatic stay – on the same factual allegations contained in her complaint. Because the bankruptcy court has not adjudicated the merits of any request for sanctions, Debtor's arguments are not properly before this Panel. We therefore deny Debtor's request for this Panel to sanction Defendants.

For the reasons set forth above, Debtor has not articulated an error by the bankruptcy court.

## CONCLUSION

The bankruptcy court did not err in dismissing the adversary proceeding. We therefore AFFIRM.